(112 App. Div. 62)

OZARK COOPERAGE CO. v. QUAKER CITY COOPERAGE CO.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1906.)

CORPORATIONS—ACTION BY FOREIGN CORPORATION—COMPLAINT—COMPLIANCE
    WITH STATUTE.

    A complaint by a foreign corporation alleging the execution of two contracts of sale between it and defendant, was not demurrable for failure to allege a compliance with Laws 1892, p. 1805, c. 687, § 15, requiring foreign corporations to obtain a license to do business in the state; the two transactions alleged not necessarily amounting to "doing business."

    [Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 2520–2526, 2647.]

Appeal from Trial Term, Erie County.

Action by Ozark Cooperage Company against Quaker City Cooperage Company. From an interlocutory judgment overruling a demurrer to complaint, defendant appeals. Affirmed, with leave to defendant to plead over on payment of costs and disbursements.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

James O'Malley, for appellant.

L. A. Groat, for respondent.

SPRING, J. The complaint alleges that the plaintiff is a corporation organized in the state of Missouri, and with its principal office in the city of St. Louis in that state. It also alleges that the defendant is a foreign corporation, with a branch office and doing business in the city of Buffalo. It then alleges that a contract in writing was entered into with the defendant at Buffalo on the 17th day of June, 1904, whereby the plaintiff sold to the defendant 1,000,000 staves, for which the defendant agreed to pay a stipulated price for each 1,000 staves on delivery thereof at Buffalo. The complaint further alleges that the plaintiff, in pursuance of said agreement, delivered 185,000 feet of said staves, for which the defendant paid, but that the defendant has refused to receive the remainder of said staves, although the same has been tendered, and damages for the breach of such contract are sought to be recovered.

For a second cause of action the complaint alleges that on the 15th day of July, 1904, another contract was executed by the parties in the city of Buffalo, for the purchase, sale, and delivery to the defendant at Buffalo of another specific quantity of staves. It further alleges a partial delivery and payment thereof, but a refusal on the part of the defendant to perform its contract by accepting the residue of said staves, and asks for damages for its breach.

The essence of the demurrer to the complaint is that it fails to show that the plaintiff "has obtained a license to do business within this state," as required by section 15 of the general corporation law (Laws 1892, p. 1805, c. 687).

We think the contention of the appellant is untenable. Section 15, referred to, prohibits a foreign corporation from doing business in this state "without having first procured from the Secretary of State a certificate that it has complied with all the requirements of law to authorize it to do business in this state"; and further, that "no foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate." The statute is primarily a revenue measure, and intended to place a foreign corporation carrying on its business within the state on the same plane as a domestic corporation. Penn Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935; Emmerich Co. v. Sloane, 108 App. Div. 330, 95 N. Y. Supp. 39. It is a rigorous measure, and should receive a reasonable interpretation, having in view the extensive interstate trade carried on, and the necessity of maintaining comity in business among

the several states.    Trade should be encouraged, not unreasonably restricted.

The complaint charges only two distinct sales, and we must assume the business conducted in this state is limited to these two transactions. This is not necessarily "doing business," within the meaning of the statute.    In Penn Collieries Co. v. McKeever, supra, the plaintiff, a foreign corporation, sued to recover for a cargo of coal sold in the state of New York.    It kept no coal, books of account, nor bank deposit in this state.    The sale was an isolated transaction.    The defendant endeavored to defeat a recovery, for the reason that the defendant had not procured a certificate authorizing it to transact business in this state.    The Court of Appeals held that the plaintiff was not "doing business," within the contemplation of the statute.    The court used this language at page 103 of 183 N. Y., and page 936 of 75 N. E.:

"To be 'doing business in this state' implies corporate continuity of conduct in that respect, such as might be evidenced by the investment of capital here, with the maintenance of an office for the transaction of its business, and those incidental circumstances which attest the corporate intent to avail itself of the privilege to carry on the business.    In short, it should appear, as it was intimated in the opinion in People ex rel. Armstrong Cork Co. v. Barker, 157 N. Y. 159–165, 51 N. E. 1043, that the corporation and its officers intended 'to establish a continuous business in the city of New York, and not one of a temporary character.' "

Kindred cases are People ex rel. Tower Co. v. Wells, 98 App. Div. 82, 90 N. Y. Supp. 313, affirmed on opinion below, 182 N. Y. 553, 75 N. E. 1132; Vaughn Machine Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799.    In Welsbach Co. v. Norwich Gas. & El. Co., 96 App. Div. 52, 89 N. Y. Supp. 284, affirmed 180 N. Y. 533, 72 N. E. 1152, the complaint alleged that the plaintiff, a New Jersey corporation, "has an office and offices within the state of New York."    It further alleged a sale of merchandise from "the New York, N. Y., department," and also other sales "from its Buffalo, N. Y., department." There were, therefore, definite allegations showing an office in this state, indicating at least a continuous business, and allegations denoting there were departments of that business in at least two cities of this state.    In Emmerich Co. v. Sloane, supra, the extent or character of the business was not up for consideration.    In that case the plaintiff had made an attempt to comply with section 15 of the corporation law, but the court held that its endeavor was ineffective.

It may appear upon the trial that a more extended business has been carried on than the complaint sets forth, but, so far as its allegations disclose, the plaintiff is not barred from maintaining the action.

The interlocutory judgment should be affirmed, with costs and disbursements of this appeal, with leave to the defendant to plead over by paying such costs and disbursements and the costs of the court below.    So ordered.    All concur.