## MEYER & NELSON v. ESSLING.

(Supreme Court, Appellate Term, Second Department. May 23, 1913.)

SALES (§ 342*)—CONTRACTS—REMEDIES OF SELLER.

A contract of sale, which stipulates that any part of the purchase not accepted by the buyer may, without notice, be sold at the market price for the account of the buyer, who will pay to the seller any loss through difference in price, and the carrying charge, if the sale is made by the seller, stipulates for an exclusive remedy of the seller, who may not store the property for the buyer and sue for the price, or keep the goods as his own and recover the difference between the market price at the time and place of delivery and the contract price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 943–946; Dec. Dig. § 342.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Meyer & Nelson against Carl Essling. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed, without prejudice.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued May term, 1913, before CRANE, KAPPER, and KELBY, JJ.

Andrew F. Van Thun, Jr., of Brooklyn, for appellant.
Hermon H. Shook, of Brooklyn, for respondent.

KAPPER, J. Action to recover the price of 34 barrels of flour sold to the defendant under a contract which called for installment shipments, acceptance of the last installment of which (said 34 barrels) was refused by the defendant. The contract contained the following provision:

"It is expressly agreed that any portion of this purchase not accepted by the buyer according to the terms of this contract may, without notice, be sold at any time, at the market price, for the account of the buyer, and the buyer hereby agrees to pay to the seller any loss, through difference in price, and the carrying charge, if any, if any such sale is made by the seller."

The trial court rendered judgment for the plaintiff for the contract price of the 34 barrels of flour. The defendant contends that by the clause in the contract above quoted, the parties have stipulated what the remedy for the vendee's refusal to accept shall be, and we think the contention should be upheld.

"The vendor of personal property, in a suit against the vendee for not taking and paying for the property, has the choice ordinarily of either one of three methods to indemnify himself: (1) He may store or retain the property for the vendee, and sue him for the entire purchase price; (2) he may sell the property, acting as the agent for this purpose of the vendee, and recover the difference between the contract price and the price obtained on such resale; or (3) he may keep the property as his own, and recover the difference between the market price at the time and place of delivery and the contract price." Dustan v. McAndrew, 44 N. Y. at page 78.

The vendor chose the first of these remedies, but expressly contracted to pursue the second.

"Parties may by their stipulation make the law of the case, which the courts may and at times are bound to enforce." Crouse v. McVickar, 207 N. Y. at page 213, 100 N. E. 697.

It was entirely competent for the parties here, in the event of the buyer refusing to accept the goods sold, to contract for the special remedy of selling the goods for the account of the buyer, and even make the remedy exclusive. White Furnace Co. v. Miller Transfer Company, 131 App. Div. 559, 561, 115 N. Y. Supp. 625, 627. And the court in the case cited add:

"But such a special remedy is not exclusive, unless it is apparent that such was the intention of the contracting parties."

We think such intention is apparent from this contract. The remedy agreed upon was already possessed by the vendor without its expression. Having expressed it, it must have thereby been intended to give it force. A construction that the remedy provided for by the contract was optional, and not exclusive, entirely strips the contract of the presence of the clause in question, and leaves the contract as though this provision had never been written. It is plain that, had the flour advanced in price, the remedy sought upon the trial would

not have been adopted by the vendor. It may, too, be assumed that, had that been the case, the vendee would not have breached, but would have accepted. Evidently the vendor had in mind that at the time of the shipment of some of the various installments of flour a lower mar-ket price than that fixed by the contract might prevail, and by this clause in the contract he provided, not alone against loss due to the difference between the price to be obtained on the resale and the con-tract price, but secured the vendee's consent to also pay the vendor's "carrying charge." The conclusion is reached that the parties have contracted their remedy, and, as that remedy is lawful and proper, it alone can be pursued.

The judgment should be reversed, with costs, and the complaint dismissed, with costs, without prejudice to the commencement of such an action as the plaintiff may be advised. All concur.