## United Iron Works Company v. Watterson Hotel Company.

(Decided November 19, 1918.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Corporations—Contract for Sale of Article—Process—Statement as to Service.—A foreign manufacturing corporation in carrying out its contract for an interstate sale of a refrigeration plant by the erection and installation thereof within the state before complete delivery, is not doing a local business so as to make its compliance with section 571 of. Kentucky Statutes a condition precedent to its right to sue upon the contract.

2. Appeal and Error—Court of Errors.—The Court of Appeals is a court of errors and not of original jurisdiction, and will not adjudicate questions not decided below.

DUFFIN, SAPINSKY & DUFFIN for appellant.

HUMPHREY, MIDDLETON & HUMPHREY for appellee.

Opinion of the Court by Judge Clarke—Reversing.

The appellant, a Missouri corporation, sued the appellee hotel company, a Tennessee corporation, and another to recover the balance due upon a contract for the purchase and installation of refrigeration and ice manufacturing machinery, and to enforce a lien upon the same. By answer the defendant hotel company, among other defenses, alleged that the plaintiff was a foreign corporation doing business in this state; that it had not complied with section 571 of the Kentucky Statutes, and that its contract was, therefore, illegal and unenforcible; and, in addition, set up a counterclaim against the plaintiff for damages because of an alleged breach of warranty.

The plaintiff in reply denied that it was engaged in local business, and alleged that the contract sued upon, as well as the business done by it within the state, was interstate commerce and protected from the operation of the local statute. The contract provided that the plaintiff would furnish and install in the Watterson Hotel, in Louisville, Kentucky, a refrigeration plant, consisting of compression and brine pumps, ammonia compressors, condenser and receiver, freezing tank and cans, an agitator, expansion coils and other machinery and accessories,

including apparatus for making distilled water, which was warranted to supply refrigeration for certain designated purposes and to produce two tons of ice a day, if supplied and operated according to specifications.

It was stipulated that the seller would furnish the services of one expert erecting engineer to have charge of the installation, make test run of five days and provide all labor and help required by the erecting engineer.

1. The contract is admittedly interstate commerce and the proof shows that the only business done in this state by the plaintiff was the erection and installation of the machinery sold under the contract with defendant hotel company, and that in so doing the erecting engineer and his helpers, employed by the plaintiff, were at work in this state for about three months from first to last. Upon this evidence the trial court, upon motion of the defendant, directed a verdict in its behalf, and entered a judgment dismissing the petition upon authority of Oliver Company v. Louisville Realty Company, 156 Ky. 628; Fruin-Colnon Contracting Company v. Chatterson, et al., 144 Ky. 308; and Browning v. City of Waycross, 233 U. S. 16.

Under section 571 of our Statutes, as construed in the above Kentucky cases and many others, the contract of a corporation, other than a foreign insurance company, doing a local business, is illegal and unenforcible unless the statute has been complied with; hence, if the trial court was correct in the conclusion that the erection and installation of the plant by defendant's engineer and employes was a local business separate and distinct from interstate commerce within the doctrine of Browning v. City of Waycross, *supra,* the judgment dismissing the petition was proper; but we think, under a more recent ruling of the Supreme Court of the United States, that the erection, installation and test before complete delivery were relevant and appropriate to the interstate sale of the machinery and not an intrastate transaction within the doctrine of the Waycross case. In the case of York Manufacturing Company v. V. B. Colley, et al., 246 U. S., upon facts strikingly similar to the facts of the instant case, the court distinguished the Waycross case and held that the erection and test by the seller before complete delivery of an ice plant sold under an interstate contract was not a separate intrastate operation, but was intrin-

sically interstate and immediately and inherently connected with the interstate transaction, and as a result of that relation, protected by the Constitution of the United States from the operation of a Texas law which, like ours, rendered unenforcible a contract made before compliance therewith. The only differences in the two cases are that in the Colley case the erecting engineer was to be paid a fixed per diem by the purchaser, and was engaged only about three weeks, while in this case the erecting engineer and his helpers were paid by the seller and were engaged about three months; but these points of difference are in our judgment immaterial since the differences are simply in the method and time of the performance of the same appropriate and relevant part of an interstate sale of machinery which must be assembled "with skill and precision in order that the result of the contract of sale might come into existence." We, therefore, conclude that the trial court erred in sustaining the defendant's motion for a peremptory instruction.

2. In its reply to defendant's counterclaim plaintiff alleged, which is admittedly true, that defendant, a Tennessee corporation, had also failed to comply with section 571 of the Statutes until long after the execution of the contract with plaintiff and the erection and test of the refrigeration plant, that it was doing a local business, operating a hotel, and that therefore it could not enforce its claim for damages. At the completion of the evidence the court also directed a verdict in favor of plaintiff on the counterclaim and dismissed it upon the ground that by reason of plaintiff's failure to comply with section 571 of the Statutes, the contract was illegal and no enforcible legal right could arise therefrom; and that therefore defendant could not recover damages resulting from the plaintiff's alleged defective performance of the unlawful contract. But as we have held that the contract was enforcible by the plaintiff, it is apparent that the court, in dismissing the counterclaim because of the supposed infirmity of plaintiff's position in reference to the contract, was likewise in error.

It is likewise apparent that the court did not decide what effect the defendant's failure to observe the requirements of section 571 of the Statutes has upon its right to counterclaim for damages against the enforcement of its obligations under a contract which protects

the plaintiff from the operation of the local statute be-cause of the interstate character of the business neces-sarily done by it within the state in the performance of the contract, and since this is a court of errors and not of original jurisdiction, we must decline to consider that question upon this appeal. Holloway v. Brown, 181 Ky. 716.

Wherefore the judgment upon both the original and cross appeals is reversed and the cause remanded for another trial.