## R. S. Webb, Jr., et al. v. Knoxville Glass Company.

(Decided December 17, 1926.)

### Appeal from Bell Circuit Court.

1.  Commerce—Contract of Foreign Corporation by Mail to Furnish and Put in Plate Glass Window Held Contract in Interstate Commerce, to which Statutes Regulating Foreign Corporations Did Not Apply (Ky. Stats., Section 571).—Where Tennessee corporation made contract with plaintiff, by mail, which was accepted in Kentucky, to furnish and put in plate glass front in defendant's garage in Kentucky, contract being one in interstate commerce, it was immaterial where made, and Ky. Stats., section 571, relating to domestic and foreign corporations, did not apply.
2.  Appeal and Error—Judgment of Chancellor on Conflicting Evidence will Not be Disturbed.—Court of Appeals will not disturb judgment of chancellor on question of fact, where evidence is conflicting and mind is left in doubt as to truth.

JAMES M. GILBERT for appellants.

N. R. PATTERSON and H. CLAY RICE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

R. S. Webb, Jr., operates several garages in Kentucky.   The Knoxville Glass Company is a Tennessee corporation, having its principal office at Knoxville, Tennessee, and doing there a glass business.   On February 28, 1924, Webb decided to have a plate glass front put into the Mammoth garage which he was erecting at Pineville, and to this end made a contract with the Knoxville Glass Company to furnish the material and put in the plate glass front.   The company furnished the material

and put in the plate glass front. It filed this suit against Webb to recover the contract price, $1,092.60, and enforce a lien on the property. By his answer Webb pleaded, first, that the corporation had failed to comply with section 571, Ky. Statutes, providing that a corporation, before doing business in this state must have one or more known places of business in the state, and have an authorized agent there upon whom process may be served, and also to file with the secretary of state a statement giving the location of its offices in the state and designating an agent upon whom process may be served. By another paragraph he also alleged that the work had been defectively done, and prayed judgment for damages in the sum of $500.00 as a counterclaim. On final hearing the circuit court gave judgment in favor of the plaintiff. The defendant appeals.

It is well settled that section 571, Ky. Statutes, does not apply to interstate commerce, so the first question in the case is, was the busines done here interstate commerce? The Knoxville corporation sent its material and men to Kentucky and they and others working for them in two weeks built a concrete foundation for the glass to rest upon and then put in the glass. But all the work was incidental to the glass work, which could not otherwise be put in. In United Iron Works Company v. Watterson Hotel Company, 182 Ky. 113, under a contract the plaintiff, a Missouri corporation, furnished and installed in the Watterson Hotel a refrigeration plant consisting of pumps, compressers, receivers, condensers and other machinery and accessories, including an apparatus for making distilled water. The plaintiff was at work in putting in the plant for three months, and it was held that this was interstate commerce and was not within section 571, Ky. Statutes. Clearly this case cannot be distinguished from that case, which followed York Manufacturing Company v. Colley, 247 U. S. 21, which was also a case very similar to this.

The contract was made by letter. The Knoxville Company wrote Webb a letter offering to do the work on certain terms. This letter was received by him at Lexington, Kentucky, where he resides, and was there accepted by him. It is insisted for the appellant that the contract being made in Kentucky the cases must be governed by the statute of Kentucky; but if it was a contract in interstate commerce it is immaterial where it was

made.  In Dahnke-Walker Milling Company v. Bondurant, 257 U. S. 282, a Tennessee corporation sent its agent to Kentucky and here bought wheat to be paid for when loaded on the cars in Kentucky, and the contract did not provide for its shipment anywhere.  But this was held interstate business and not governed by the Kentucky statute.

The cases cited are conclusive that section 571, Ky. Statutes, cannot apply here.

Appellant also complains that the circuit court improperly refused to allow him anything on his counterclaim.  But this was simply a question of fact.  This court does not disturb the judgment of the chancellor on a question of fact where the evidence is conflicting and the mind is left in doubt as to the truth.  Here, while the evidence is conflicting the weight of the evidence is with the chancellor.

Judgment affirmed.