## Vilter Manufacturing Company *v.* Evans, Receiver.

[No. 12,639. Filed January 6, 1927. Rehearing denied April 29, 1927.]

1. CORPORATIONS.—*Sale of heavy machinery by a foreign corporation to be installed in Indiana constituted interstate commerce although local labor was employed in the installation.*— Where a foreign corporation sold an ammonia compressor and other large and heavy machinery connected therewith to a dairy company in Indiana, and agreed to install said machinery, it was engaged in interstate commerce, although local laborers were employed in the installation, and, therefore, was not within the provisions of the law requiring foreign corporations to be registered before doing business in Indiana (*United States Constr. Co.* v. *Hamilton Nat. Bank,* 73 Ind. App. 149, distinguished). p. 146.

2. CORPORATIONS.—*Complaint by foreign corporation to recover purchase price of machinery to be installed in Indiana held sufficient.*—A demurrer was improperly sustained to a complaint by a Wisconsin corporation to recover the purchase price of certain bulky and heavy machinery sold by it to be installed in the purchaser's plant in Indiana, although the complaint showed that it used local labor in installing the same and had not complied with the statute regulating the admission of foreign corporations to this state. p. 149.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Action by the Vilter Manufacturing Company against John I. Evans as receiver of the Fort Wayne Dairy Company, Incorporated. From a judgment for defendant, the plaintiff appeals. *Reversed.* By the court in banc.

*James M. Barrett, Sr., James M. Barrett, Jr., R. Earl Peters* and *Phil M. McNagney,* for appellant.

*Howard L. Townsend* and *Albert E. Thomas,* for appellee.

NICHOLS, J.—Action on a claim filed by appellant in the receivership of Fort Wayne Dairy Company, Incorporated, by which claim, appellant sought the return of

certain machinery sold by it to said dairy company on conditional sale contract and not fully paid for, or the allowance of the balance of the purchase price then due as a preferred claim against the assets of said dairy company.

The issues were joined upon an amended complaint, and the demurrer thereto filed by appellee, the amended complaint alleging that appellant was a corporation organized under the laws of the State of Wisconsin and had not complied with the laws of this state relative to foreign corporations doing business; that on or about November 27, 1922, it executed a contract with said dairy company for the sale to said company of an ammonia compressor and other machinery and apparatus; that there was an unpaid balance of the purchase price due appellant of $900; that appellant manufactured and installed for said dairy company all of said machinery and apparatus and fully complied with said contract; that said machinery was accepted and retained by the dairy company and was an essential part of its plant and necessary for the proper and efficient operation thereof; that, in connection with the installation of said machinery, it was necessary and essential to furnish, and appellant did furnish, a skilled erecting engineer to supervise the erection, installation, testing and starting of said machinery, which consisted of a great many pieces of large, heavy and extremely intricate machinery which, when assembled, occupied a space approximately fifteen feet in length by seven feet in width and weighed about 13,000 pounds; that it was necessary to ship said machinery from Milwaukee to Fort Wayne disassembled, on account of its size and weight; and that, in order to install the same, it was necessary to hire local common laborers, who worked a total of 1,419 hours during the period of seven weeks on the erection and

installation of said machinery, and said laborers were paid the sum of $768; that no supplies were purchased . at Fort Wayne nor any work done on said machine by said local laborers other than the assembly of said parts. The complaint then asked for the immediate return of the property so sold on conditional sale, or appellant offered to relinquish its right to possession on immediate payment as a preferred claim of the balance due of the contract price. The demurrer filed thereto was predicated upon the proposition that appellant's amended claim showed upon its face that it was a foreign corporation which had not complied with the act of 1907 of the State of Indiana relative to foreign corporations doing business in this state, Acts 1907 p. 286, §4910 *et seq.* Burns 1926, and that the transaction in question constituted the doing of business in this state by a foreign corporation and in violation of such statute. The question raised, therefore, is whether or not the contract of sale of the refrigerating plant in question and its erection by appellant at Fort Wayne constituted interstate commerce or the doing of business within the State of Indiana in violation of its statutes in relation thereto.

The demurrer to the amended complaint was sustained, to which ruling of the court appellant at the time excepted, and upon its failure to plead further, judgment was rendered for appellee, from which judgment this appeal.

Appellee, to sustain his contention that the trial court did not err in sustaining his demurrer to the complaint, cites *United States Const. Co.* v. *Hamilton Nat.*

1.  *Bank* (1920), 73 Ind. App. 149, 126 N. E. 866.

It is to be noted, however, that the contract involved in that case was for the equipment of a manufacturing plant with a sprinkler system, rather than

the simple sale of machinery. This work required the employment of labor for weeks in such construction, required the building of a tower, a tank, and other carpenter work, and the excavating and filling of trenches, with the use of material which was on the ground of, and the property of, the manufacturing company, while, in the contract here involved, there was a simple sale of an ammonia compressor, and machinery and apparatus appurtenant thereto, with an agreement to install the same. It appears by the averments of the complaint that, because of the great weight and size of the compressor and its appurtenant machinery, it was necessary to take it to pieces and then to reassemble it at the point of destination; that the machinery involved consisted of many pieces of large, heavy, and extremely intricate machinery, and that the services of a skilled erecting engineer were required to supervise the erection, installation, testing and starting of such machinery. It is admitted by appellee that the services of this engineer were within the compass of the interstate sale, but he contends that the employment of local laborers to assist in the erection and installation of the machinery was doing a local business, not inherently and intrinsically a part of the interstate contract, but that such employment was essentially intrastate in its character. But these local laborers were employed only in the reassembling and installing of a refrigerating plant which had been purchased in its entirety in the State of Wisconsin and taken to pieces for the convenience of shipment. All of the work done was involved in the sale, and did not, as in United States Construction Company case, involve digging trenches, erecting buildings, constructing concrete walls, building a tower, constructing a tank, and other carpenter work; using the material of the purchaser

for that purpose. In these particulars, the cases are to be distinguished.

The case of *Browning* v. *Waycross* (1914), 233 U. S. 16, 34 Sup. Ct. 578, 58 L. Ed. 828, cited by both parties, involved the sale of lightning rods, and their erection within the limits of the city, and the court held that affixing lightning rods to houses was carrying on a business of a strictly local character which was under the exclusive control of state authorities, and that the performance of such work did not involve a question of the delivery of property shipped in interstate commerce, or the right to complete an interstate transaction. In that transaction, there was not involved the assembling and installing of any intricate machinery which had been taken to pieces for purpose of shipment and the court pertinently observed that "Of course, we are not called upon here to consider how far interstate commerce might be held to continue to apply to an article shipped from one state to another, after delivery and up to and including the time when the article was put together or made operative in the place of destination in a case where, because of some intrinsic and peculiar quality or inherent complexity of the article, the making of such agreement was essential to the accomplishment of the interstate transaction."

The case of *General Railway Signal Co.* v. *Commonwealth of Virginia* (1916), 118 Va. 301, 87 S. E. 598, cited by both parties, involved a contract by which the signal company agreed to furnish and install certain materials for the completion of a signal system over a fifty-eight mile section of the property of the Southern Railway Company of Virginia. In the performance of the contract, it employed labor in Virginia, skilled and unskilled, dug ditches in which conduits were laid, constructed concrete foundations and painted and completed

signal structures. It was there held that the facts showed the doing of local business.

The case of *York Mfg. Co.* v. *Colley* (1918), 247 U. S. 21, 38 Sup. Ct. 430, 62 L. Ed. 963, 11 A. L. R. 611, is easily distinguished from the Waycross and

2.  the Signal cases. It was there held that a contract of sale of an artificial ice plant by which the foreign seller agreed to furnish an engineer who should assemble and erect the machinery at the point of destination, and should make a practical efficiency test before complete delivery, was relevant and appropriate to an interstate sale of the machinery, and, therefore, did not justify the courts of the state to which the machinery was shipped in refusing to enforce payment of the purchase price on the theory that the seller was doing local business in the state without having first secured the statutory permit. The court, in its opinion, refers to the above quotation from the Waycross case saying that: "Through abundance of precaution attention was directed to the fact that the ruling there made was not controlling as to a case where the service to be done in a state as the result of an interstate commerce sale was essentially connected with the subject-matter of the sale, that is, might be made to appropriately inhere in the duty of performance." In that case, it was held that the court was concerned, as here, only with a contract inherently relating to, and intrinsically dealing with, the thing sold—the machinery and all of its parts constituting the ice plant. As it seems to the court, the York case is directly in point on the question here involved and compels us to hold that the trial court erred in its ruling sustaining the demurrer to the complaint.

The following cases from other states are in harmony with the conclusion which we have reached herein:

150    APPELLATE COURT OF INDIANA,

London, etc., Accident Co. *v.* Otis Elevator Co.—86 Ind. App. 150.

*Kaw Boiler Works Co.* v. *Interstate Refineries* (1925), 118 Kans. 693, 236 Pac. 654; *United Iron Works Co.* v. *Watterson Hotel Co.* (1918), 182 Ky. 113, 206 S. W. 166; *Kinnear & Gager Mfg. Co.* v. *Miner* (1916), 89 Vt. 572, 96 Atl. 333; *Puffer Manufacturing Co.* v. *Kelly* (1916), 198 Ala. 131, 73 So. 403; *Black-Clawson Co.* v. *Carlyle Paper Co.* (1907), 133 Ill. App. 61; *Hess Warming & Ventilating Co.* v. *Burlington Grain Elevator Co.* (1919), 280 Mo. 163, 217 S. W. 493; *Chuse Engine & Mfg. Co.* v. *Vromania Apartment Co.* (1910), 154 Mo. App. 139, 133 S. W. 624; *J. L. White Furnace Co.* v. *C. W. Miller Transfer Co.* (1909), 115 N. Y. Supp. 625, 131 App. Div. 559; *Williams* v. *Golden & Crick* (1914), 247 Pa. 397, 93 Atl. 505; *Flint & Walling Mfg. Co.* v. *McDonald* (1908), 21 S. D. 526, 114 N. W. 684, 14 L. R. A. (N. S.) 673, 130 Am. St. 735; *Milan Milling & Mfg. Co.* v. *Gorten* (1894), 93 Tenn. 590, 27 S. W. 971, 26 L. R. A. 135; *A. Leschen & Sons Rope Co.* v. *Moser* (1913), 159 S. W. (Tex. Civ. App.) 1018; *Wolf Co.* v. *Kutch* (1911), 147 Wis. 209, 132 N. W. 981; *S. F. Bowser & Co.* v. *Savidusky* (1913), 154 Wis. 76, 142 N. W. 182.

The judgment is reversed, with instruction to the trial court to overrule appellee's demurrer to the complaint, and for further proceedings not inconsistent with this opinion.