### Richmond

STATE HIGHWAY AND TRANSPORTATION
COMMISSIONER OF VIRGINIA

v.

TRUSTEES OF THE PARSONAGE OF THE BROADFORD
METHODIST EPISCOPAL CHURCH, SOUTH

October 5, 1979.

Record No. 780006.

Present: All the Justices.

*John S. Morris, III, Assistant Attorney General (Marshall Coleman, Attorney General; Walter A. McFarlane, Deputy Attorney General; John S. Bundy; White, Elliot & Bundy,* on briefs), for appellant.

(*D. Burke Graybeal; Burke, Graybeal and Hammer,* on brief), for appellees.

Case submitted on brief for appellees.

PER CURIAM.

In this appeal from a highway condemnation award, the condemnor wrongfully entered the landowner's property almost three years before the certificate of deposit was filed. The sole issue before us is whether interest on the award, which was in excess of the amount deposited by the condemnor, should run from the date of the wrongful entry or from the date of the filing of the certificate.

In connection with the improvement of State Route 42 in Smyth County, appellant State Highway and Transportation Commissioner of Virginia needed to acquire a small parcel of land owned by appellees Trustees of the Parsonage of the Broadford Methodist Episcopal Church, South (hereinafter landowner). The road work also required acquisition of another nearby parcel on which the Broadford church was situated. When attempts to reach an agreement as to the price for both parcels failed, the Commissioner filed a certificate under Code § 33.1-122[1] against the church property in July of 1974. Due to an "oversight," the Commissioner failed to file at that time a similar certificate against the parsonage property. Thus, when road construction began in September of 1974, the Commissioner entered the parsonage property without title to the land.

During preparation for the condemnation trial dealing with acquisition of the church property, the failure to file a certificate against the parsonage property was discovered. The certificate relating to the subject parcel was then filed on March 28, 1977, *see* Code § 33.1-119,[2] and the instant condemnation proceeding was thereafter instituted by the Commissioner in the court below.

During the trial, the court ruled that the parsonage property had been "taken" for public use in July of 1974 even though the certificate had not been filed until March of 1977.[3] Thereafter, the con-

---

[1] Code § 33.1-122 generally provides for recordation of the certificate in the clerk's office of the court. It further provides that, upon recordation, the interest or estate of the landowner shall terminate and defeasible title to the property shall be vested in the Commonwealth.

[2] In essence, Code § 33.1-119 permits the Commissioner's power of eminent domain to be exercised subsequent to entry upon the land being condemned.

[3] Although that ruling is attacked on appeal by the Commissioner, we find it unnecessary to pass on such question in order to decide the issue presented. See generally *White* v. *State Highway Comm'r.,* 201 Va. 885, 114 S.E.2d 614 (1960).

demnation commissioners ascertained the value of the land taken and the damages to the residue by reason of the taking to be in excess of the amount deposited by $3,963.00. The trial court, in the October 1977 order appealed from, decided, *inter alia,* that interest on the foregoing amount should run from July 22, 1974 and not from March 28, 1977, as the condemnor had contended below and now argues here. This ruling of the court below was erroneous.

While interest cannot be awarded against the state without its consent, such consent may be manifested by an act of the legislature. *United States* v. *North Carolina,* 136 U.S. 211, 216 (1890). *See City of Lynchburg* v. *Amherst County,* 115 Va. 600, 608, 80 S.E. 117, 120 (1913). In Virginia, Code § 33.1-128 authorizes the Highway Commissioner to pay interest in highway condemnation cases. That statute provides, in part, that when an award in a condemnation proceeding is of a greater amount than that deposited by virtue of a certificate, the excess amount, "together with interest accrued on such excess amount . . . *from the date of such deposit* to the date of payment into court, shall be paid into court for the person or persons entitled thereto. . . ." (emphasis supplied). The statute further specifies: "In no other instance shall interest be allowed on any award."

That statute, in plain terms, fixes the date of the deposit as the time from which interest is to run on the instant condemnation award. Even though the trial court sought to reach an equitable result and to fully compensate the landowner for the unauthorized use of the property resulting from the state's error, the court was without authority, because of the foregoing statutory directive, to provide that interest should run from the date of unlawful entry, or from any date prior to the filing of the certificate of deposit.

Consequently, the ruling of the trial court on the interest question will be reversed and final judgment will be entered here, the effect of which will be to modify the order appealed from to provide that interest on the sum of $3,963.00 shall run from March 28, 1977 to the date of payment of the award into court.

*Reversed and final judgment.*