## CIRCUIT COURT OF FAIRFAX COUNTY

Halco Engineering, Inc.

v.

Commonwealth of Virginia et al.

February 3, 1992

Case No. (Law) 60376

BY JUDGE THOMAS A. FORTKORT

This matter is before the Court on the Motion for Summary Judgment filed by the defendants Commonwealth of Virginia, George Mason University, Rectors and Visitors of George Mason University, and Office of the Comptroller of George Mason University. After hearing oral argument, the Court took the matter under advisement. For the reasons set forth below, the defendants' Motion for Summary Judgment is denied with respect to the defendants' claims of exclusive remedy under *U.S. v. Rice*, 317 U.S. 61 (1942), and of waiver or accord and satisfaction of the damages consequential to delay. The Motion is granted as to defendants' claim that prejudgment interest is unavailable to the plaintiff under Virginia law.

The events giving rise to this litigation are given in the parties' pleadings. Halco Engineering entered into an agreement with George Mason University on September 4, 1979, which provided that Halco would furnish the labor and materials necessary to install a High Temperature Hot Water Distribution System for the price of $1,261,800.00. Halco was to complete the project on or before July 31, 1980, the date given in the contract as 280 days from the date of notice to proceed.

Pursuant to Section 45 of the contract, the parties negotiated and agreed to two change orders. The first change order described seventeen new or modified tasks and granted Halco an extension of time

for completion of the tasks to October 15, 1980. Halco agreed to accept payment of an additional $38,115.50 for the work performed under this change order. The second change order called for nine new or modified tasks to be performed by Halco within sixteen additional days for added payment of $24,179.99. The completion date of the contract was then set at October 31, 1980.

Halco did not complete its contract obligations until January 1981, approximately 3 months after the extended completion date. In its Motion for Judgment filed on March 15, 1983, and amended on November 11, 1988, Halco claims that its inability to complete the contract on time was "solely due to the joint and several actions and inactions of the aforenamed Defendants, which, taken collectively, so changed the nature of the contract originally bid by Plaintiff as to negate in any meaningful sense Plaintiff's planned construction schedule." Amended Motion for Judgment, Para. 6. Halco seeks damages in the amount of $164,124.00 with interest calculated from February 1, 1981, plus costs, as compensation for its costs attributable to the defendants' actions.

The defendants' Grounds of Defense and Counterclaim allege that because of Halco's negligent performance and delay in completion of its duties, completion of the entire project was not accomplished until August 28, 1981. The defendants' counterclaim seeks damages in the amount of $200,000.00.

The Court has before it today the defendants' Motion for Summary Judgment. In support of the Motion, the defendants allege three legal principles that prevent Halco from recovering its damages consequential to the alleged delay. First, the defendants claim that Section 49 of the contract interpreted in view of the U.S. Supreme Court's holding in *U.S. v. Rice*, 317 U.S. 61 (1942), confines Halco's remedy for the defendants' delay solely to an extension of time for completion of the contract, prohibiting the recovery of monetary damages. Section 49 provides in pertinent part:

49. Extension of Time; Damages for Delays.

(a) If the Contractor fails to complete the work within the time fixed by the Contract for the completion of the same, the Contractor shall be liable to the Owner in the amount set forth in the specifications not as a penalty but as fixed, agreed and liquidated damages for delay until the work is completed . . . . However, unless otherwise specifically pro-

vided for in the specifications, if the Contractor is delayed at any time in the progress of the work by any act or neglect of the Owner or the Architect or Engineer, or of any employee of either, or by any separate contractor employed by the Owner, or by changes ordered in the work . . . then the time for completion shall be extended for such reasonable time as the Architect or Engineer may decide, and the Contractor shall not be charged with liquidated or actual damages during the period of such extension.

This section states that the contractor Halco Engineering will not be liable for liquidated damages if delay is caused by the defendants and that Halco will be granted a reasonable additional period of time for completion of its contract obligations.

The defendants contend that since Section 49 indicates that the parties contemplated delay of the project and agreed to a specific remedy, the Supreme Court's ruling in *U.S. v. Rice* applies to confine the plaintiff's relief exclusively to the reasonable extension of time to complete its contractual duties. While the Rice Doctrine may have been a powerful legal tool in the months or years following the Supreme Court's ruling in 1942, the Doctrine is entirely inoperative in the current law of government contracts. Federal law has nullified the Rice Doctrine by dictating modification of the standard form construction contract to provide for remedies in addition to that of extra time to complete contract obligations.

Even if federal authority had not deadened the force of the Rice Doctrine, however, this Court would consider the findings in *Rice* inapplicable to the case presently before the Court. In interpreting the standard federal construction contract presented in *Rice*, the Supreme Court was acting in its supervisory capacity as an appellate court to the Court of Claims; because the Supreme Court was not addressing a constitutional matter, *Rice* is not controlling upon a Virginia court interpreting a contract made under Virginia law. The agreement between Halco Engineering and George Mason University was neither a federal contract nor one of standard form; thus even if the Rice Doctrine were current law, *Rice* would be neither applicable nor controlling.

The prevailing rule on the issue of exclusive contractual remedy is in fact contrary to the Rice Doctrine: the majority of courts considering this question have found that a contract will not be construed to

limit the remedial rights of the contracting parties unless the intention of the parties to limit the remedy is clearly revealed by the language of the contract. *See, e.g., Nave v. Powell,* 52 Ind. App. 496, 96 N.E. 395 (1911); *J.L. White Furnace Co. v. C.W. Miller Transfer Co.,* 131 App. Div. 559, 115 N.Y.S. 625 (1909). This Court finds that if the Virginia Supreme Court were to consider the question of whether a contractual remedy were to be regarded as the parties' sole remedy in the event of breach, the Supreme Court would adopt the prevailing view on this issue. The Court therefore denies the defendants' Motion for Summary Judgment based upon the narrow interpretation of Section 49 read in view of *U.S. v. Rice* and concludes that the plaintiff may pursue other remedies as afforded by law.

The defendants' second argument in support of the Motion for Summary Judgment contends that Halco waived its claim for delay damages by agreeing to the two change orders and that the doctrine of accord and satisfaction applies to bar the plaintiff from further payment. The Court finds that summary judgment is unsuited to these claims. Whether the acceptance of the change orders constitutes a waiver of the right to seek damages for delay and whether it constitutes accord and satisfaction are material issues of fact which remain in dispute. Several of the defendants' letters actually tend to indicate that the defendants did not initially regard the plaintiff's acceptance of the change orders as constituting accord and satisfaction.

The Court finds that accord and satisfaction may be a bar to the recovery for damages consequential to the delay associated with the seventeen tasks of the first change order and the nine tasks of the second change order, but it is not clearly established as a bar to all costs of delay incurred by the plaintiff. The Court therefore denies the Motion for Summary Judgment based upon the principles of waiver and accord and satisfaction.

The defendants' final issue raised in support of their Motion concerns the pre-judgment interest sought by the plaintiff in its Amended Motion for Judgment. The Court finds that summary judgment in favor of the defendants is appropriate under *Highway Comm'r v. Parsonage Trustees,* 220 Va. 402, 258 S.E.2d 503 (1979), and *City of Lynchburg v. County of Amherst,* 115 Va. 600, 80 S.E. 117 (1913). These cases demonstrate the common-law principle of state immunity from interest charges in the absence of statutory or

contract obligation. In *Parsonage Trustees*, the statute given in Virginia Code § 33.1–128 outlining the duties of the Commonwealth incident to condemnation of land for a state highway explicitly required the payment of interest by the State. *City of Lynchburg*, in contrast, demonstrates a situation in which no statute explicitly compelled the Commonwealth to pay interest on an award of contract damages, and thus the Virginia Supreme Court disallowed the plaintiff's demand for interest on the judgment.

Although Virginia Code § 8.01–382 states that in any action at law or suit in equity a court or jury may award pre-judgment interest and may set the date at which the interest should begin, this Court finds that the language of § 8.01–382 is not of the specificity demonstrated in *Parsonage Trustees* to overcome the common-law principle of state immunity from interest charges in the absence of statutory or contract obligation. Since the contract between Halco and George Mason University does not appear to provide for the payment of interest, and no statute explicitly compels the State to pay interest on the damages claimed in this case, the Court grants the defendants' Motion for Summary Judgment on this issue.