PEOPLE'S SAVINGS BANK OF BAY CITY, MICH., v. FULTON CON-
TRACTING CO.

(Supreme Court, Appellate Term.  November 30, 1909.)

CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—"DOING BUSINESS IN THE
STATE."

Under the rule that a mere solitary transaction within the state is not
doing business in the state, within General Corporation Law (Consol.
Laws, c. 23) § 15, requiring a foreign corporation to procure a certificate
of authority to transact business in the state, the indorsement in the
state to a foreign corporation of a note executed in the state is not "doing
business in the state."

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2526; Dec.
Dig. § 642.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160;
vol. 8, pp. 7640, 7641.]

Appeal from City Court of New York, Special Term.

Action by the People's Savings Bank of Bay City, Mich., against
the Fulton Contracting Company.  From a judgment dismissing the
complaint, plaintiff appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and
LEHMAN, JJ.

John C. Weadock (Eugene L. Brisach, of counsel, and Joseph R.
Truesdale, on the brief), for appellant.

William Ehrlich, for respondent.

SEABURY, J.  The complaint, which the court below dismissed,
alleged that the plaintiff is a corporation formed and existing under
the laws of the state of Michigan.  It also set forth the following note:

"$700.00                                    Fulton, New York, April 18, 1908.

"On June 1, 1908, after date, the Fulton Contracting Company promises to
pay to the order of James Davidson seven hundred ($700.00) dollars, at its
office in Fulton, New York, value received, without interest to maturity."

The answer pleads as a defense that the plaintiff is a foreign cor-
poration doing business within the state of New York, and has not
filed a certificate as required by section 15 of the general corporation
law (Consol. Laws, c. 23).  Assuming that the note upon which the
action was brought was made and indorsed in this state (section 76,
Negotiable Instrument Law [Consol. Laws, c. 38]), that fact alone
did not establish that the plaintiff was doing business in this state.
There are many judicial definitions as to what constitutes doing busi-
ness on the part of a foreign corporation within the state.  Without
reviewing the decisions, it is clear, from an examination of them, that
a mere solitary transaction, or the making of a single contract within
the state, does not constitute doing business in the state, within the
meaning of the statute.  Penn Collieries Co. v. McKeever, 183 N. Y.
98, 102, 75 N. E. 935, 2 L. R. A. (N. S.) 127.

The judgment is reversed, and a new trial ordered, with costs to
appellant to abide the event.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.