Pullman Holding Company, Inc., Plaintiff, *v.* Restaurant Crillon, Inc., and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 23, 1925.

Summary proceedings to dispossess — termination of lease — proceeding by landlord to compel removal of tenant maintaining premises in violation of National Prohibition Act — lease provided that landlord might elect to terminate agreement in event tenant violated State or Federal statutes — tenant deemed to have admitted occupation of premises in violation of National Prohibition Act (41 U. S. Stat. at Large, 314, chap. 85, tit. 2), §§ 21, 23, by execution of stipulation withdrawing answer in proceeding under said act — record of proceedings had in United States District Court prima facie evidence of tenant's default — landlord entitled to relief in absence of evidence controverting record of Federal court.

In summary proceedings to dispossess the defendant by reason of a breach of a covenant in a lease providing that the landlord might elect to terminate the agreement in the event that the tenant violated State or Federal statutes, proceedings brought in the United States District Court under sections 21 and 23 of the National Prohibition Act (41 U. S. Stat. at Large, 314, chap. 85, tit. 2), wherein said defendant executed a stipulation withdrawing its answer therein, are competent evidence, since by the execution of the stipulation defendant admitted the occupation of the premises in violation of the aforesaid act.

Moreover, the record of the proceedings had in the United States District Court and the entry of a decree of permanent injunction restraining the defendant from dealing in any intoxicating liquor is *prima facie* evidence of defendant's default, and in the absence of evidence controverting said record, the plaintiff landlord is entitled to relief.

Summary proceeding to dispossess.

*Morris & McVeigh* [*Charles S. McVeigh* and *Budd S. Weisser* of counsel], for the plaintiff.

*MacDonald, Ackley & Casey* [*William H. Hirst* of counsel], for the defendant Restaurant Crillon, Inc., and another.

LAUER, J.:

This is a proceeding brought by the present landlord as successor in interest of the original lessor of the premises against the tenant Restaurant Crillon, Inc., the lessee of the first floor and part of the basement of the premises 15 East Forty-eighth street in the borough of Manhattan, city of New York. The landlord claims that the term of the tenant has expired by virtue of the provisions of the lease wherein it was provided that the landlord had the election to terminate the lease by giving notice in the event that the tenant defaulted in fulfilling any of the covenants or conditions of the lease other than the covenant for the payment of the rent, and that such notice was given, thereby bringing the lease to an end. The covenants which are claimed to have been breached by the tenant are the second, which provided that the tenant " will execute and comply with all laws, rules, orders, ordinances and regulations at any time issued or in force applicable to the demised premises or to the tenant's occupation thereof, of the Borough, City, County, State and Federal governments, and of each and every department, bureau and official thereof and of the New York Board of Fire Underwriters," and the twenty-first, " that the tenant will, throughout the term of this lease, conduct the demised premises as a high-class restaurant, and will not permit therein any persons of disreputable, disorderly or undesirable character."

The petition alleges that " without the knowledge of the landlord or its agents, the tenants have used, occupied and maintained the demised premises for the sale and barter of intoxicating liquor in violation of the National Prohibition Act and in violation of the Federal Law relating to the prohibition and sale of intoxicating liquor and in violation of the lease made by the tenant Restaurant Crillon, Inc."

The tenant and undertenant both interposed an answer which in effect was a general denial of the allegations of the petition and demanded a trial by jury. The trial by jury was waived and the trial proceeded before me without a jury. The lease having been admitted in evidence, the landlord offered in evidence the record of the proceedings had in the United States District Court for the Southern District of New York in an equity action brought by the United States of America against Restaurant Crillon, Inc.,

the tenant in this proceeding, and Baumgarten & Haering, Inc., the undertenant in this proceeding, and the Pullman Holding Company, Inc., the landlord in this proceeding. To the admission of this record the tenant objected on the ground that it is not binding on the parties to this proceeding and constituted no evidence of the violation of the National Prohibition Law. It was thereupon consented to that the court reserve decision on the admissibility of this evidence and the effect of it as proof in the proceeding on trial before me. No other proof was offered by either party, the landlord relying upon the admissibility and effect of the evidence offered, and the tenant on its inadmissibility and ineffectiveness.

An examination of the record shows that the bill of complaint was one brought by the United States of America pursuant to the authority granted by the National Prohibition Act, for the purpose of enjoining and abating a public and common nuisance as defined in sections 21 and 23 of that act (41 U. S. Stat. at Large, 314, chap. 85, tit. 2). The description of the premises where the bill of complaint charges a public and common nuisance existed is that of the premises of the tenant Restaurant Crillon, Inc., at 15 East Forty-eighth street. The charge made in the bill is that the premises are " used and maintained as a place where intoxicating liquor as defined by section 1, title II, of said National Prohibition Act is sold, bartered and kept for sale for beverage purposes, in violation of said provisions of said title, by the defendants above named;" and for a second cause of action in said bill of complaint, the charge is made that the defendants " other than the landlord have solicited and taken and accepted and are now soliciting, taking and accepting orders for the sale of and are selling intoxicating liquor for beverage purposes, in violation of section 23 of title II of said National Prohibition Act." A permanent injunction was sought under the provisions of said act from the commission of said acts and from the sale of intoxicating liquor for beverage purposes on said premises or elsewhere in the southern district of New York. Answers were interposed in said proceeding on behalf of the various defendants, including the tenant and undertenant in this proceeding. These answers were subsequently by stipulation of the United States Attorney and of the attorneys for the tenant and undertenant in this proceeding withdrawn, and those defendants waived the thirty-day period required after entry of a *pro confesso* order before the *pro confesso* decree could be entered. As a result of this withdrawal, a decree of permanent injunction was entered adjudging the restaurant on the ground floor and basement in the building at 15 East Forty-eighth street a common nuisance and granting a permanent injunction against the tenant and undertenant in this

proceeding " from manufacturing, selling, bartering or keeping in said premises or any part thereof any intoxicating liquor."

It seems to me that this proceeding was competent evidence against the tenant and undertenant in this proceeding as a declaration against their interests. The stipulation withdrawing their answers in the proceeding constitutes in effect an admission of the violation charged against them. In effect, the evidence offered should be regarded at least with the same force and effect as though somebody had approached the defendants having said to them: " You violated the National Prohibition Law by selling intoxicating liquors in violation of it," and they had answered, " Yes, that is so." This would be an admission against their interests and competent evidence to prove their violation of law. There was then in the case at least *prima facie* proof of the use of the premises for illegal purposes. It does not, therefore, now seem necessary for me to pass upon the question whether this is conclusive evidence of the violation, that is, whether the record in the United States court is *res adjudicata* in this proceeding or whether the landlord must bring forward direct evidence of the acts constituting the violation, since no evidence was offered on the part of the tenant attempting in any way to controvert the effect of the record of the injunction proceedings in the United States court.

The tenant and undertenant claim the equity suit brought in the United States court in which the landlord was joined as a party is not an adjudication of a controversy between the landlord and tenant binding on them in another suit according to the general rule in respect to the conclusiveness of an earlier suit binding between the same parties where the same question becomes again an issue. The tenant and undertenant claim that this rule only holds good in respect to adversary parties and that there was no issue between the landlord and tenant on that subject; that in that sense the landlord and tenants were not parties to a litigation determining that issue. There is authority for the tenant's position that the determination of the issue in the United States District Court is not *res adjudicata* because of the fact that it was not an adjudication between " adversary parties; " that is, that fact was not adjudicated in any issue raised as between this landlord as defendant and the tenant and undertenant herein as defendants in that equity suit. (*Ostrander* v. *Hart*, 130 N. Y. 406, 412; *Bluefields S. S. Co.* v. *United Fruit Co.*, 243 Fed. 1, 10.)

Section 23 of the National Prohibition Act also provides that " any violation of this title upon any leased premises by the lessee or occupant thereof shall, at the option of the lessor, work a for-

feiture of the lease," and while I think the landlord made a party in that equity suit could have asked for affirmative relief forfeiting the lease, its failure to ask would seem to indicate that there was no adjudication on that subject between the landlord and this tenant and undertenant.

I refrain from further discussion on the subject and on the cases cited in the very able and comprehensive briefs which counsel have presented to the court on these questions because it seems unnecessary, in view of the conclusions reached and of the fact that this is a court of first instance.

It follows from the conclusions reached by me that final order herein should be for the landlord. This may be settled upon one day's notice. Unless other disposition is made on application of any party on the settlement of the order, a stay of execution of the warrant for five days from the entry of the order will be allowed.