167 EAST 86TH STREET CORPORATION, Plaintiff, v. ALBERT WIENECKE and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Sixth District, May 28, 1928.

Summary proceedings to dispossess — proceedings, under Civil Practice Act, § 1410, subd. 5, based on use of premises for illegal trade or business — tenants were convicted of violation of National Prohibition Act — such conviction does not establish use of premises for illegal trade within meaning of Civil Practice Act — landlord cannot recover.

Plaintiff seeks to summarily dispossess defendants, under subdivision 5 of section 1410 of the Civil Practice Act, on the ground that they have used the premises for an illegal trade or business. This contention is not sustained by proof that the defendants were convicted of a violation of the National Prohibition Act, in that they had on the premises in question on a certain date a quantity of intoxicating liquor in violation of that act.

The essential fact of use or occupation for an illegal business was not an issue in the proceedings in the United States District Court, and, furthermore, in order to show that the premises were used for an illegal trade or business there must be proof of more than a single or casual illegal act.

SUMMARY proceeding under subdivision 5 of section 1410 of the Civil Practice Act.

*William W. Lesselbaum,* for the plaintiff.

*Philip Bongiorno,* for the defendant.

SULZBERGER, J. This is a summary proceeding under Civil Practice Act, section 1410, subdivision 5. That section provides, among other things, that a tenant may be removed from real property " where the demised premises, or any part thereof, are used or occupied * * * for any illegal trade or manufacture, or other illegal business." It is to be observed that to make out a case it was essential for the landlord to establish that the demised premises or some part thereof was being used or occupied for some illegal trade or manufacture, or for some other illegal business. The essential facts are undisputed. The tenant occupies the entire second floor in premises known as 167 East Eighty-sixth street, New York city, under the terms of a written lease ending July 30, 1930. On or about January 16, 1928, the tenant, Albert Wienecke, and another were convicted, on their plea of guilty, in the United States District Court, Southern District of New York, of a violation of the National Prohibition Act (41 U. S. Stat. at Large, 308, chap.

85, tit. 2; U. S. Code, tit. 27, § 12), in that they did on or about the 18th day of December, 1927, unlawfully, willfully and knowingly *possess* in the demised premises a fraction over four gallons of intoxicating liquor consisting of wine and whisky, which contained more than one-half of one per cent of alcohol by volume.

While, by virtue of section 33 of the National Prohibition Act (41 U. S. Stat. at Large, 317, chap. 85, tit. 2; U. S. Code, tit. 27, § 50), mere possession may establish a violation of the National Prohibition Act, it does not necessarily follow that such possession constitutes the use or occupation of the premises in question for any illegal trade or manufacture, or for any other illegal business within the meaning of section 1410, subdivision 5, of the Civil Practice Act.   There is a pragmatic philosophy behind the presumption created by section 33 of the National Prohibition Act   To quote the language of Mr. Justice HOLMES (*Westfall* v. *United States*, 274 U. S. 256): " Moreover, when it is necessary in order to prevent an evil to make the law embrace more than the precise thing to be prevented it may do so."   However, no such presumption arises in a summary proceeding under the Civil Practice Act.

The essential fact of use or occupation for an illegal business was not an issue, and was not adjudicated in the United States District Court.   Hence that record does not establish such fact in this proceeding.   Nor did the landlord furnish any other proof that the demised premises were used or occupied for any illegal business.

Still further, to establish that the demised premises " are used or occupied   *   *   *   for any illegal trade or manufacture, or other illegal business," there must be more than a single or casual act which is not inconsistent with the opposite fact.   The words of the statute import a certain degree of continuity and permanence.   (Cf. *Tenement House Dept. of City of New York* v. *McDevitt*, 215 N. Y. 160; *Broadway Central Securities Corporation* v. *Visalia Restaurant Co.*, 125 Misc. 464; revd., on other grounds, 218 App. Div. 594; *Lazarowitz* v. *Kazan*, 122 Misc. 202; *People's Sav. Bank of Bay City, Mich.*, v. *Fulton Contracting Co.*, 119 N. Y. Supp. 622; *Ozark Cooperage Co.* v. *Quaker City Cooperage Co.*, 112 App. Div. 62.)

*Pullman Holding Co.* v. *Restaurant Crillon* (125 Misc. 748) is inapplicable to this case, for the reason that there the violation consisted of using certain premises for the illegal trade or business of selling intoxicating liquors.   That was precisely the kind of a case to which section 1410, subdivision 5, of the Civil Practice Act was applicable.   This criticism disposes of the other similar cases referred to in the brief of landlord's counsel.

Final order for the tenants, awarding possession of the demised premises to them.