OPINION OF THE COURT
George M. Heymann, J.
Petitioners commenced these holdover proceedings pursuant to RPAPL 711 (5) and 715 and section 231 of the Real Property Law on the ground that illegal drug-related activity occurred on the premises known as 1806 Vyse Avenue, Bronx, New York.
The three cases were consolidated for trial purposes in that the subject premises as well as the neighboring premises known as 1838-40 Vyse Avenue, Bronx, New York, are owned by the same landlord and the alleged illegal activity in each case arose from the same incident involving the same police witness.
*759 At trial, the petitioner called two witnesses: Detective Sam Kourakos of the New York City Police Department, and Wolf Posalski, president of the two petitioner corporations. The respondent Carlos Capo was not present and the remaining three respondents appeared pro se.
Detective Kourakos testified that on January 8, 1998, at approximately 4:15 p.m., he was in the vicinity of 1806 Vyse Avenue, Bronx, New York, as part of the field team for an undercover buy and bust operation. They were in this location as a result of complaints from people in the community regarding the sale of illegal drugs. Upon receiving a transmission from the undercover officer that he had just purchased two bags of alleged marihuana in the hallway in front of apartment SI, inside the premises of 1806 Vyse Avenue, Detective Kourakos and his fellow officers entered the building. They observed two individuals that matched the description of the sellers given by the undercover officer. The two individuals (later identified as the respondent Carlos Capo and Julio Ortiz, son of the respondent Nay da Morales), then ran into apartment SI. The officers, in “hot pursuit”, were refused access to the apartment and forced the door open with a battering ram. Once inside, they found the respondent Capo, the respondent Byam and another individual. Julio Ortiz was apprehended fleeing out a rear window of the apartment. Officers who were located at the rear of the apartment observed respondent Byam in the window and recovered a pillowcase containing a gun (S&W 9mm semi-automatic) and ammunition (26 live bullets and 2 magazines) that was tossed out the window of the subject apartment. Inside the apartment, a folded dollar bill containing alleged cocaine was found on the living room floor. The apartment was then secured and Detective Kourakos left to obtain a search warrant from the criminal court. Thereafter, Detective Kourakos returned to apartment SI with the search warrant and recovered what he believed to be drug records, additional ammunition that matched that which was dropped from the window and $2,750 in United States currency. All of the items purchased and seized as a result of this buy and bust were vouchered and tested with results showing that there was cocaine or marihuana found in the various plastic bags purchased from respondent Capo and/or recovered on the person of Julio Ortiz, and that the gun and ammunition were operable. Both Capo and Ortiz were arrested and charged with criminal possession of a controlled substance, third degree; resisting arrest; criminal sale of marihuana, fourth degree; and *760 criminal sale of marihuana, fifth degree. Respondent Byam was arrested and charged with possession of ammunition; criminal possession of a controlled substance, seventh degree; and criminal possession of a weapon, fourth degree. On cross-examination by respondent Byam, Detective Kourakos confirmed that Byam was not one of the individuals who sold marihuana to the undercover officer.
Mr. Posalski testified that he has received complaints from tenants that there are problems with drugs in the hallways of his buildings, more so at night than during the day when he is present in the buildings. He further stated that respondent Capo is the son of respondent Carmen Flores; that Julio Ortiz, son of respondent Nay da Morales, no longer resides with his mother in apartment N45 at 1806 Vyse Avenue, but has a key to the front door; that Capo, Ortiz and Byam were very close friends and that the building located at 1838-40 Vyse Avenue, where respondents Flores and Capo reside, is not attached to 1806 Vyse Avenue where the buy and bust occurred and is, in fact, 500 to 600 feet away. Finally, he stated that he had conversations with both Ms. Flores and Ms. Morales about their sons and they each told him that they were having problems with their sons but were helpless in dealing with the situation.
The only testimony given by the respondent Byam was a statement that he lived in apartment SI for 18 or 19 years and had never been involved in drugs. Respondent Morales said she was never involved with drugs and had no idea why she was in court facing a possible eviction. Respondent Flores made no statement to the court.
Illegal use proceedings, as contrasted with the usual holdover proceeding involving disputes between the parties, involve matters of public policy for the protection of the safety and welfare of neighboring tenants and the community. (See, Hudsonview Co. v Jenkins, 169 Misc 2d 389.)
RPAPL 711 (5) authorizes commencement of a summary eviction proceeding by a landlord if “[t]he premises, or any part thereof, are used or occupied * * * for any illegal trade or manufacture, or other illegal business.” RPAPL 715 authorizes law enforcement agencies as well as tenants in the building or neighboring owners and tenants within 200 feet of the demised premises to bring summary eviction proceedings based on illegal activity. This section is used in conjunction with Real Property Law § 231 which voids the lease if the premises is used for illegal trade or activity.
*761 The petitioners have the burden of proof to show that the leased premises were used for illegal purposes (167 E. 86th St. Corp. v Wienecke, 132 Misc 491).
Based upon the credible testimony of Detective Kourakos arid the evidence adduced herein, it is the finding of the court that the petitioner has sustained its burden of proving that the respondents Capo and Byam participated in the sale of illegal drugs within the subject premises located at 1806 Vyse Avenue and that apartment SI, specifically, was being used to carry on an illegal business. The mere statement by the respondent Byam that he had never been involved in drugs defies credibility under the facts herein and is insufficient to rebut the petitioners’ evidence.
The court finds that there was a “sufficient nexus” between the use of apartment SI and the illegal activity notwithstanding the fact that the respondent Byam did not participate directly in the sale of controlled substances to the undercover officer (see, City of New York v Rodriguez, 140 Misc 2d 467). As stated by the court in Rodriguez (supra, at 469-470): “RPAPL 711 (5) applies where ‘[t]he premises, or any part thereof, are used or occupied * * * for any illegal trade’. Use of the premises is specifically proscribed, separately and apart from occupancy. And the word ‘premises’ should be accorded its appropriate meaning * * * Premises has a considerably broader scope than apartment. And legislative intent to hold the occupant responsible for illegal activities outside the apartment itself is even more significant when the companion section RPAPL 715 authorizes a proceeding to evict for illegal use, and occupancy to be brought by a petitioner ‘within [200] feet’ of the building in which the offending tenant resides.”
The facts clearly demonstrate that Byam’s apartment was used as a base of operation for this illegal activity in that the sale of illegal drugs occurred in the hallway in front of his apartment, and both Ortiz and the respondent Capo entered that apartment immediately after the sale in order to evade police apprehension. Further, the police, pursuant to a search warrant, discovered a substantial amount of currency and additional ammunition inside of the apartment in addition to the gun and ammunition that was thrown from the apartment window.
With respect to the respondent Morales, who is the mother of Julio Ortiz, and resides in the same building as respondent Byam, there has been no showing whatsoever that she had any participation in, acquiesced in, or contributed to, *762 any illegal activities in or about her apartment or anywhere else in the subject premises (1806 Vyse Avenue) to warrant an eviction. Although Mr. Posalski stated that Ms. Morales acknowledged to him that she was having problems with her son, this, in and of itself, does not rise to the level of terminating a long-term tenancy especially where the petitioners’ witness, himself, advised the court that respondent’s son no longer resided with her. It should also be noted that Julio Ortiz was not named a party to this proceeding, unlike the case against respondent Flores and her son, Carlos Capo.
As to the respondents Flores and Capo who reside in the premises located at 1838-40 Vyse Avenue, this court is constrained to dismiss the proceeding against them as well. Although the evidence is incontrovertible that respondent Capo played a significant role in the illegal sale of drugs on January 8, 1998 at or about the vicinity in front of respondent Byam’s apartment and was arrested inside the apartment, the court has no jurisdiction to enter a final judgment of possession against him or his mother under the specific statutes cited above and incorrectly relied on by the petitioner in the commencement of these proceedings. The petitioner is of the mistaken belief that in order for the court to connect Ms. Flores’ apartment to the illegal activity it is only necessary to prove that her son was conducting the illegal activities within an area not exceeding 200 feet from the premises in which they reside. This interpretation misconstrues the clear intent of Real Property Law § 231 and RPAPL 715. The illegal activity must take place in or about the premises in which the accused tenant(s) resides. The reference to “200 feet” in the statutes pertains to the owners of, or tenants who reside in, the neighboring buildings “within 200 feet from the demised premises” in which the proscribed activity occurred, enabling them to commence summary proceedings to evict the offending tenant(s).
For example, if X is involved in an illegal activity, trade or business in premises A he must reside in premises A in order to be evicted therefrom. If X resides in premises B he cannot be evicted from premises B for any illegal activity he commits on premises A regardless of how many feet separate the two buildings. However, if X does, in fact, reside in premises A then the owners and/or tenants of premises B can seek to have X evicted from his apartment in premises A if he is involved in illegal activities in premises A and the two buildings are situated within 200 feet of each other.
*763 In the instant matter, the petitioners’ witness conceded that the two buildings which are the subject of this proceeding are between 500 to 600 feet apart, separated by an open space. Thus, even under the petitioners’ erroneous theory, dismissal would be warranted. In any event, even if the distance between the two buildings was 200 feet or less, it would be of no moment as the illegal activity which is the basis for these holdover proceedings did not occur in the building in which the respondents Flores and Capo reside and there is no connection between their apartment and the sale of illegal drugs. While the court need not make a finding regarding Ms. Flores’ participation in, or acquiescence in, her son’s illegal conduct in light of this situation, had she and her son resided in the building where the incident occurred, or had there been proof that illegal activities emanated from her apartment, a different determination may have been reached by the court. While the court has no alternative but to dismiss this case as against respondents Flores and Capo, it should be made clear that Capo’s conduct, as testified to, is not condoned by this court.
Therefore, under the unique set of facts elicited during this trial, the court will enter a final judgment as against the respondent Shane Byam, only.
Accordingly, for the reasons set forth above, petitioner is awarded a final judgment of possession against the respondent Shane Byam under index No. L&T 87542/98. Issuance of the warrant forthwith, execution of the warrant is stayed 10 days. The proceedings under index Nos. L&T 87541/98 and L&T 40376/98 are dismissed.