## BROWNING *v.* CITY OF WAYCROSS.

ERROR TO THE COURT OF APPEALS OF THE STATE OF GEORGIA.

No. 259.   Argued March 11, 1914.—Decided April 6, 1914.

A State may not burden, by taxation or otherwise, the taking of orders in one State for goods to be shipped from another, or the shipment of such goods in the channel of interstate commerce up to and including the consummation by delivery of the goods at the point of destination.

The business of erecting in one State lightning rods shipped from another State, under the circumstances of this case, was within the regulating power of the former State and not the subject of interstate commerce. *Caldwell* v. *North Carolina,* 187 U. S. 622; *Rearick*

v. *Pennsylvania,* 203 U. S. 507; *Dozier* v. *Alabama,* 218 U. S. 124, distinguished.

Parties may not by the form of a non-essential contract convert an exclusively local business subject to state control into an interstate commerce business protected by the commerce clause so as to remove it from the taxing power of the State.

*Quære,* whether interstate commerce may not under some conditions continue to apply to an article shipped from one State to another after delivery and up to and including the time when the article is put together and made operative in the place of destination.

11 Ga. App. 46, affirmed.

THE facts, which involve the constitutionality under the commerce clause of the Federal Constitution of a municipal occupation tax on lightning rod agents and dealers, are stated in the opinion.

*Mr. Richard A. Jones,* with whom *Mr. J. L. Sweat* and *Mr. Nathan Frank* were on the brief, for plaintiff in error:

The sale and purchase of lightning rods located in another State, to be transported in pursuance thereof in interstate traffic to the place of delivery in the State of Georgia, fixed under the terms of such contract of purchase, was an interstate transaction. *Crenshaw* v. *Arkansas,* 227 U. S. 389; *Caldwell* v. *North Carolina,* 187 U. S. 622; *Rearick* v. *Pennsylvania,* 203 U. S. 507.

The erection of lightning rods by the plaintiff in error was in pursuance of and as a part of sale transactions constituting interstate commerce and a necessary incident thereof, and the tax sought to be collected from him for the exercise of such function is within the prohibition against burdening commerce among the States by licenses, tax, or any system of state regulation. *Crutcher* v. *Kentucky,* 141 U. S. 47, 62; *Caldwell* v. *North Carolina,* 187 U. S. 622, 628; *Barrett* v. *New York,* 232 U. S. 14.

Aside from such as may properly be put in effect in the exercise of its police power, any regulation or enactment of a State or political subdivision thereof, which tends to

materially interfere with, hinder, or obstruct the making or performance of contracts for commerce among the States, or anything reasonably incident thereto, is a burden upon such commerce which may not be laid other than by authority of the National Government.

The character of the incidents allowed to constitute parts of such contracts within the protection of the commerce clause of the Constitution and of the acts which have been held to constitute unwarranted interference therewith are illustrated by the following cases: *Dozier* v. *Alabama*, 218 U. S. 124; *Barrett* v. *New York*, 232 U. S. 14; *Rearick* v. *Pennsylvania*, 203 U. S. 507; *International Text Book Co.* v. *Pigg*, 217 U. S. 91; *Brown* v. *Maryland*, 12 Wheat. 436, 444.

It was necessary for the employer of plaintiff in error, in order to carry on the business in which it was engaged— the manufacture and sale of lightning rods—to, in connection with such sales, erect through one of its skilled employés the rods upon the buildings for which intended.

The consideration for and a part of such contract of sale was this agreement to deliver the rods placed upon the structure for which purchased. Until so attached the delivery was not complete or contract fulfilled. Plaintiff in error was not in any respect engaged in erecting or putting up lightning rods except in so far as he performed such service for his employer in connection with the transactions described.

This tax directly burdens commerce among the States in the character of commodities involved.

The ordinance is, as applied to the subject-matter herein involved, in violation of the commerce clause of the Federal Constitution.

*Mr. Thomas S. Felder*, Attorney General of the State of Georgia and *Mr. W. W. Lambdin*, for defendant in error, submitted.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The plaintiff in error was charged in a municipal court with violating an ordinance which imposed an annual occupation tax of $25 upon "lightning rod agents or dealers engaged in putting up or erecting lightning rods within the corporate limits" of the City of Waycross. Although admitting that he had carried on the business he pleaded not guilty and defended upon the ground that he had done so as the agent of a St. Louis corporation on whose behalf he had solicited orders for the sale of lightning rods; had received the rods when shipped on such orders from St. Louis and had erected them for the corporation, the price paid for the rods to the corporation including the duty to erect them without further charge. This it was asserted constituted the carrying on of interstate commerce which the city could not tax without violating the Constitution of the United States. Although the facts alleged were established without dispute, there was a conviction and sentence and the same result followed from a trial *de novo* in the Superior Court of Ware County where the case was carried by certiorari. On error to the Court of Appeals that judgment was affirmed, the court stating its reasons for doing so in a careful and discriminating opinion reviewing and adversely passing upon the defense under the Constitution of the United States (11 Ga. App. 46). From that judgment this writ of error is prosecuted because of the constitutional question and because under the law of Georgia the Court of Appeals had final authority to conclude the issue.

The general principles by which it has been so frequently determined that a State may not burden by taxation or otherwise the taking of orders in one State for goods to be shipped from another or the shipment of such goods in the channels of interstate commerce up

to and including the consummation by delivery of the
goods at the point of shipment have been so often stated
as to cause them to be elementary and as to now require
nothing but a mere outline of the principle. The sole ques-
tion, therefore, here is whether carrying on the business
of erecting lightning rods in the State under the conditions
established, was interstate commerce beyond the power
of the State to regulate or directly burden. The solution
of the inquiry will, we think, be most readily reached by
briefly reviewing a few of the more recently decided cases
which are relied upon to establish that although the inter-
state transit of the lightning rods had terminated and
they had been delivered at the point of destination to the
agent of the seller, the business of subsequently attach-
ing them to the houses, for which they were intended,
constituted the carrying on of interstate commerce. The
cases relied on are *Caldwell* v. *North Carolina,* 187 U. S.
622; *Rearick* v. *Pennsylvania,* 203 U. S. 507 and *Dozier*
v. *Alabama,* 218 U. S. 124.

*Caldwell* v. *North Carolina* concerned the validity of an
ordinance of the village of Greensboro, imposing a tax
upon the business of selling or delivering picture frames,
photographs, etc. The question was whether Caldwell,
the agent of an Illinois corporation, was liable for this tax
because in Greensboro he had taken from a railroad freight
office certain packages of frames and pictures which were
awaiting delivery and which had been shipped to Greens-
boro by the selling corporation to its own order for the
purpose of filling orders previously obtained by its agents
in North Carolina. After the packages of frames and
pictures were received by Caldwell, in a room in a hotel,
the pictures and frames were fitted together and were
delivered to those who had ordered them. The assertion
that there was liability for the tax was based on the con-
tention that the act of Caldwell in receiving the pictures
and frames and bringing them together was not under the

protection of the commerce clause, but was the transaction of local business after the termination of interstate commerce, especially because the pictures and frames had been shipped from Chicago in separate packages and, because the pictures and frames were incomplete on their arrival, and were made complete in the State by the union accomplished after the end of their movement in interstate commerce. Both of these propositions were decided to be unsound and it was adjudged that as both the pictures and frames had been ordered from another State and their shipment was the fulfillment of an interstate commerce transaction, the mere fact that they were shipped in separate packages and brought together at the termination of the transit, did not amount to the transaction of business within North Carolina which the State could tax without placing a direct burden upon interstate commerce. In *Rearick* v. *Pennsylvania*, where the right to levy a tax was decided not to exist because to sustain it would be a direct burden upon interstate commerce, the only question was whether the form in which certain shipments of goods were made from Ohio into Pennsylvania to fill orders was of such a character as to cause the act of the agent of the shipper, who opened the packages for the purpose of distributing the goods to those for whom they were intended, to amount to the carrying on of business in the State of Pennsylvania. *Dozier* v. *Alabama* in substance concerned the principles applied in the two previous cases with the modification that it was there held that because there was no binding obligation on a purchaser to accept the frame which was to accompany a picture ordered from another State and transmitted through interstate commerce, did not take the case out of the previous ruling.

It is evident that these cases when rightly considered, instead of sustaining, serve to refute, the claim of protection under the interstate commerce clause which is here

relied upon since the cases were concerned only with merchandise which had moved in interstate commerce and where the transactions which it was asserted amounted to the doing of local business consisted only of acts concerning interstate commerce goods, dissociated from any attempt to connect them with or make them a part in the State of property which had not and could not have been the subject of interstate commerce. Thus, in *Caldwell* v. *North Carolina,* the court laid emphasis upon the fact that the shipment of the pictures in interstate commerce in one package and the frames in another was not essential but accidental for the two could have been united at the point of shipment before interstate commerce began as well as be brought together after delivery at the point of destination. And this was also the condition in the *Rearick Case.* Indeed, it is apparent in all three cases that there was not the slightest purpose to enlarge the scope of interstate commerce so as to cause it to embrace acts and transactions theretofore confessedly local, but simply to prevent the recognized local limitations from being used to put the conceded interstate commerce power in a straight-jacket so as to destroy the possibilities of its being adapted to meet mere changes in the form by which business of an inherently interstate commerce character could be carried on.

We are of the opinion that the court below was right in holding that the business of erecting lightning rods under the circumstances disclosed, was within the regulating power of the State and not the subject of interstate commerce for the following reasons: (a) Because the affixing of lightning rods to houses, was the carrying on of a business of a strictly local character, peculiarly within the exclusive control of state authority. (b) Because, besides, such business was wholly separate from interstate commerce, involved no question of the delivery of property shipped in interstate commerce or of the right to complete

an interstate commerce transaction, but concerned merely the doing of a local act after interstate commerce had completely terminated. It is true, that it was shown that the contract under which the rods were shipped bound the seller, at his own expense, to attach the rods to the houses of the persons who ordered rods, but it was not within the power of the parties by the form of their contract to convert what was exclusively a local business, subject to state control, into an interstate commerce business protected by the commerce clause. It is manifest that if the right here asserted were recognized or the power to accomplish by contract what is here claimed, were to be upheld, all lines of demarkation between National and state authority would become obliterated, since it would necessarily follow that every kind or form of material shipped from one State to the other and intended to be used after delivery in the construction of buildings or in the making of improvements in any form would or could be made interstate commerce.

Of course we are not called upon here to consider how far interstate commerce might be held to continue to apply to an article shipped from one State to another, after delivery and up to and including the time when the article was put together or made operative in the place of destination in a case where because of some intrinsic and peculiar quality or inherent complexity of the article, the making of such agreement was essential to the accomplishment of the interstate transaction. In saying this we are not unmindful of the fact that some suggestion is here made that the putting up of the lightning rods after delivery by the agent of the seller was so vital and so essential as to render it impossible to contract without an agreement to that effect, a suggestion however which we deem it unnecessary to do more than mention in order to refute it.

*Affirmed.*