## 5947. DENNARD v. THE STATE.

RUSSELL, C. J.   1. This case is controlled by the ruling of this court in *Browning* v. *Waycross*, 11 *Ga. App.* 46 (74 S. E. 564); and the judge (who, by agreement of the parties, tried the case without a jury) did not err in adjudging the accused to be guilty.

2. The affixing of lightning-rods to houses is a business of purely local character and exclusively within the control of the State authority; and, although under the terms of the contract the purchaser of the lightning-rods and fixtures had the option to affix them himself and at his own expense, it would be unreasonable to suppose that any person of ordinary intelligence would prefer to assume the burden and expense of putting up the lightning-rods himself rather than avail himself of the provision of his contract of purchase, by which the seller was bound to erect or affix the lightning-rods and the purchaser was relieved from both labor and expense; and the court therefore was authorized to find that the form of the contract plainly disclosed a mere device by which it was attempted to convert "what was an exclusively local business, subject to State control, into an interstate commerce business, protected by the commerce clause." Browning *v.* Waycross, 233 U. S. 16, 23 (34 Sup. Ct. 578, 58 L. ed. 828, 833). The terms of the sale as stated in the agreed statement of facts (viewed in the light of the court's judicial knowledge, based upon general observation and the experience of mankind), as well as the undisputed proof to the effect that the accused aided and superintended the erection of the lightning-rods, warranted the judgment that he was subject to the special license imposed by the State, and that in refusing to pay the tax and in failing to register he violated section 940 of the Political Code.

*Judgment affirmed. Broyles, J., not presiding.*
DECIDED MARCH 18, 1915.

Accusation of misdemeanor; from city court of LaGrange—Judge Harwell. July 13, 1914.

*M. U. Mooty, A. J. Andrews,* for plaintiff in error.
*Henry Reeves, solicitor,* contra.