# DALTON ADDING MACHINE COMPANY *v.* COMMONWEALTH OF VIRGINIA AT THE RELATION OF THE STATE CORPORATION COMMISSION.

## ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

No. 176.  Argued March 11, 1918.—Decided April 15, 1918.

A material part of the business conducted in Virginia by plaintiff in error—a foreign corporation—was intrastate, and the company was therefore subject to the licensing power of the State.

118 Virginia, 563, affirmed.

THE case is stated in the opinion.

Mr. *Thomas A. Banning* and Mr. *Harold S. Bloomberg,* for plaintiff in error, submitted.

Mr. *J. D. Hank, Jr.,* Attorney General of the State of Virginia, for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Plaintiff in error, an Ohio corporation, complains that the Supreme Court of Appeals of Virginia improperly affirmed an order by the Corporation Commission assessing a fine against it for transacting business in the State without certificate of authority required by law.  118 Virginia, 563.  That court adopted and approved the Commission's opinion, which, among other things, declared:

"We are of the opinion that the facts of this case demonstrate beyond a peradventure that the Dalton Adding Machine Company is doing a substantial part of its business in this State in the following particulars:

"(a) In bringing its machines into this State before selling them, and in maintaining a stock of machines for exhibition and trial, and in selling such machines in this State, after their transportation in interstate commerce has been concluded and they have become mingled with the general mass of property in this State;

"(b) In renting such machines and collecting rents therefor from its customers in this State at will;

"(c) In buying and exchanging machines for machines made by other manufacturers, and in selling such machines so received in exchange at will;

"(d) In employing a mechanic in this State and entering into contracts for repairing of machines owned by persons in this State from time to time and collecting the charges therefor;

"(e) In keeping on hand in this State certain parts of machines and a stock of paper and ribbons suitable for use upon the machines, which are freely sold from time to time by its agents in Richmond to its customers.

"We think it perfectly apparent that in these particiculars the business of the company in this State is not 'commerce among the States,' the freedom of which is

guaranteed by the United States Constitution, but that such business, in every essential particular, is business which has been transacted by the company in this State in violation of the statutes referred to."

Beyond serious doubt the above specifications concerning the business carried on in Virginia are supported by the record. A material part of it was intrastate.

The judgment of the court below is

*Affirmed.*