(100 South. 83)
## CITY OF BIRMINGHAM v. HOOVER SUCTION SWEEPER CO. (6 Div. 408.)

(Court of Appeals of Alabama. April 8, 1924. Rehearing Denied May 13, 1924.)

**Commerce ⚖═40(1), 69—Foreign corporation's sale to retailer interstate commerce, but assisting retailer to resell goods domestic commerce, subject to municipal license tax.**

Where a foreign corporation sold machines to retail dealers, and employed salesmen, who,

---
⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pursuant to a contract between corporation and dealer, rendered service to the dealer, in making sales, *held* that, though the sale to the dealer was interstate commerce, the resale was domestic commerce, as to which the corporation was subject to a municipal license tax.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by the Hoover Suction Sweeper Company against the City of Birmingham, to recover license paid under protest. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

W. J. Wynn and W. A. Jenkins, both of Birmingham, for appellant.

The appellee is not engaged in interstate commerce in such manner as to exempt it from a license or occupation tax imposed by the municipality. Cheney Bros. Co. v. Mass.; 246 U. S. 147, 38 Sup. Ct. 295, 62 L. Ed. 632; Dalton Add. Mach. Co. v. Va.; 246 U. S. 500, 38 Sup. Ct. 361, 62 L. Ed. 851; Watters v. Mich., 248 U. S. 65, 39 Sup. Ct. 29, 63 L. Ed. 129.

Tillman, Bradley & Baldwin, of Birmingham, for appellee.

Appellee was not doing business in Alabama, so as to subject it to the license tax exacted. Beard v. Union Pub. Co., 71 Ala. 60; Int. C. S. O. Co. v. Wheelock, 124 Ala. 367, 27 South. 517; Abraham Bros. v. Sou. Ry., 149 Ala. 547, 42 South. 837; Puffer Mfg. Co. v. Kelly, 198 Ala. 131, 73 South. 403; Jeff. Island Salt Co. v. E. J. Longyear Co., 210 Ala. 352, 98 South. 119; Holzer v. Dodge Bros., 233 N. Y. 216, 135 N. E. 268; People's Tob. Co. v. Amer. Tob. Co., 246 U. S. 79, 38 Sup. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537; Victor Talking Mach. Co. v. Lucker, 128 Minn. 171, 150 N. W. 790.

SAMFORD, J.  To our mind, the principles involved are not distinguishable from those announced in Cheney Bros. Co. et al. v. Com. of Mass., 246 U. S. 147, 38 Sup. Ct. 295, 62 L. Ed. 632, in the specific case of N. W. Consolidated Milling, 246 U. S. 155, 38 Sup. Ct. 297, 62 L. Ed. 637. The plaintiff in the case at bar has its home office and operates a factory for the manufacture of its cleaning machines at Canton in the state of Ohio, and sells the product to retail dealers throughout the country. It has an office in Birmingham, Ala., where it employs several salesmen for the purpose of inducing local customers to purchase and use its machines. These salesmen were employed by and worked under the direct supervision of plaintiff's district manager, whose office was in Birmingham, and the compensation for their services was paid directly by plaintiff, although plaintiff recouped itself for such payment by a corresponding increase in the sales price of the machine to the dealer. The salesmen solicit and take orders from customers in Birmingham and turn them over to the local tradesman designated by plaintiff and with whom it has a contract for the exclusive sale of the product in that territory. This local dealer fills the order, and the purchase price is paid to him by the purchaser. The salesman is not the employé of the dealer, although selling machines for him, but is the employé of plaintiff, rendering service to the dealer and selling goods for him as stipulated in the contract between the plaintiff and the dealer. As was said in the N. W. Consolidated Milling Company Case, supra:

"Of course this is a domestic business—inducing one local merchant [customer] to buy a particular class of goods from another—and may be taxed by the state [city], regardless of the motive with which it is conducted."

See Dalton Add. Machine Co. v. Va., 246 U. S. 498, 38 Sup. Ct. 361, 62 L. Ed. 854; Watters v. Michigan, 248 U. S. 65, 39 Sup. Ct. 29, 63 L. Ed. 129.

The questions involved in this appeal do not turn upon the bona fides of the contract between plaintiff and the B. R., L. & P. Co., the local dealer, nor as to the title to the goods while in the possession of the local dealer. Neither is the question of the number of sales involved. Under the evidence the plaintiff contracted with the local dealer and rendered a local service in the sale of the plaintiff's products which, in the hands of the B. R., L. & P. Co., were not protected by the interstate commerce laws of the United States.

Under the evidence in this case the "Hoover salesmen," as they are called, were employed and supervised by the plaintiff's "district manager of sales," they were paid for their services by plaintiff, were not a part of the organization of the B. R., L. & P. Co., their only duty being to resell for the B. R., L. & P. Co., plaintiff's dealer in Birmingham, all machines and attachments sold by plaintiff to the B. R., L. & P. Co. as was the plaintiff's obligation under section 7 of its contract. The sale of the machines to the B. R., L. & P. Co. was interstate commerce. Their resale by plaintiff through the "Hoover salesmen" was domestic. It is manifest that if the right here insisted upon by counsel for appellee should obtain, "all lines of demarcation between national and state authority would become obliterated." Browning v. Waycross, 233 U. S. 16, 34 Sup. Ct. 578, 58 L. Ed. 828.

The court erred in its judgment. The judgment is reversed, and a judgment will here be rendered in favor of the defendant in the court below.

Reversed and rendered.