BEECHER LAWSON *v.* PRODUCERS & REFINERS CORPORATION
OF TENNESSEE.*

(*Knoxville.* September Term, 1928.)

Opinion filed October 13, 1928.

### 1. DAMAGES. EVIDENCE. NEW TRIAL.

In an action for damages to plaintiff's truck caused by collision by
the defendant's truck, it is essential to the plaintiff's right of
recovery for him to show that the truck which caused the col-
lision belonged to the defendant or that the driver was employed
by him or the truck was being used by the driver while engaged
in the defendant's business. Failure to prove these essential
facts is ground for a new trial. (Post, p. 458.)

### 2. PRACTICE. DIRECTED VERDICT. NEW TRIAL.

In an action for damages to plaintiff's vehicle, caused by the driver
of defendant's truck, failure by the plaintiff to prove the material
fact of ownership or operation, while constituting ground for a
new trial, is not sufficient to authorize the dismissal of plaintiff's
suit as upon a directed verdict, where the motion for a directed
verdict made at the conclusion of plaintiff's proof did not specify
this ground, but did purport to specify the particular ground up-
on which the motion was rested, as being, that the plaintiff ran
into the defendant's truck and caused the damage. (Post, p. 459.)

Citing: Tenn. Cent. Ry. Co. v. Tearing, 2 Tenn. App. Rep., 454;
City of Nashville v. Miss Clara Hull, MSS., Nashville, 1917;
Knoxville Railway & Light Co. v. Newton Henders, MSS. (Court
of Appeals) Knoxville, 1923.

### 3. PRACTICE. CONTROVERSIES SETTLED ON MERITS.

It is the policy of the court to have controversies between litigants
decided upon their merits rather than upon technicalities or

failure by some oversight to introduce evidence pertaining to the merits. Failure to prove a material fact will be corrected by a new trial instead of dismissal of suit, where it appears the material fact was merely overlooked by the party and was not made the basis of the motion for a directed verdict. (Post, p. 460.)

*Corpus Juris-Cyc References: Appeal and Error, 4 C. J., section 3240, p. 1200, n. 35; New Trial, 29 Cyc, p. 832, n. 60; Trial, 38 Cyc, p. 1586, n. 99.

### FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County.—HON. OSCAR YARNELL, Judge.

CANTRELL, MEACHAM & MOON, for plaintiff in error.

SIZER, CHAMBLISS & SIZER, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Lawson sued the defendant corporation before a justice of the peace to recover $500 damages to his automobile truck caused by the alleged negligence of the driver of defendant's truck in running same into his truck. The justice of the peace entered judgment in favor of plaintiff for $500, and defendant appealed to the circuit court, where a jury returned a verdict in favor of plaintiff for $500.

At the conclusion of the plaintiff's proof, counsel for defendant moved for a directed verdict in this language:

"If your Honor please, I think on the plaintiff's own statement we are entitled to a directed verdict on the ground that he ran into the side of the truck."

This motion was overruled and defendant excepted.

At the conclusion of all the evidence, counsel for defendant stated.

"I want to renew my motion for a directed verdict."

This motion was likewise overruled and an exception taken.

Later a motion for a new trial was filed and argued before the court, one of the grounds thereof being in this language:

"Because there is no evidence to connect the defendant, Producers & Refiners Corporation, with the ownership or the operation of the truck involved in the accident, out of which this case arises."

The trial court granted a new trial upon said ground, the order reciting:

"It is therefore ordered and adjudged that the verdict of the jury and the judgment entered thereon be and the same hereby are set aside, and the defendant is granted a new trial upon the ground stated, and the court here and now orders a verdict directed in favor of the defendant upon this said ground."

Thereupon plaintiff filed a motion for a new trial which was overruled and an appeal prayed and granted to the Court of Appeals, where the judgment of the trial court was affirmed.

Plaintiff testified as follows:

"Q. I will ask you if you were coming with a load of milk on the truck to Chattanooga sometime last September when you had an accident with the defendant Parco Oil Refining Company's truck? A. Yes, sir."

*(1)* The driver of defendant's truck was introduced and testified that he was on a trip to deliver a tank of oil to a particular dealer, and detailed his version of the accident. Strange as it may appear, counsel for the plaintiff did not ask this driver who the truck belonged to, or who he was employed by, or whose business he was engaged in at the time. Counsel seemed to have assumed that no controversy existed as to this truck belonging to the defendant corporation, and, therefore, neglected and failed to introduce proof that the truck belonged to the defendant, or was operated in the defendant's business at the time of the accident; and the fact that the plaintiff testified that the collision occurred with the defendant, Parco Oil Refining Company's truck, was not sufficient to show that the truck was the property of the Producers & Refiners Corporation of Tennessee.

Counsel for plaintiff was further misled, no doubt, by a special request made by counsel for defendant in this language:

"The court is requested to charge the jury that even though the defendant was driving his car on the wrong side of the road, if the plaintiff, by the exercise of reasonable care, could have seen the danger of a collision and could have turned out, or stopped, and avoided a collision; and if plaintiff failed to exercise such care, and his failure to do so proximately contributed to the collision, the plaintiff cannot recover."

The trial court practically so instructed the jury.

We are of the opinion that the trial court was correct in granting a motion for a new trial, but committed error in directing a verdict in favor of defendant.

It will be recalled that at the conclusion of plaintiff's evidence, counsel for defendant moved for a directed ver-

dict upon the ground that plaintiff ran into the side of the truck. At the conclusion of all the proof, counsel for defendant stated: ''I want to renew my motion for a directed verdict.'' Now, what was his motion for a directed verdict that he wished to renew? It was that the plaintiff ran into the side of the truck of the defendant. Had he stated as a ground for the motion that plaintiff had failed to show that the truck belonged to the defendant corporation, the court could then have permitted plaintiff, and it would have been his duty to have permitted plaintiff, upon a proper showing, to introduce testimony to show that the truck did belong to the defendant, but when the matter was specifically called to the court's attention, and he then sustained the motion, the jury had been discharged, and the plaintiff had no opportunity to supply this testimony which had been overlooked.

(2) In *Tenn. Cent. Ry. Co.* v. *Zearing,* 2 Tenn. App. Rep., 454, it is said:

''It has been held that grounds of a motion for a directed verdict not specified in the trial court will not be considered on appeal. *Georgetown, etc.. R. Co.* v. *Smith* (D. C.), 5 L. R. A. (N. S.), 274. (See 26 R. C. L., p. 1074.) But, so far as we are informed, it has never been held in this State that a motion in general terms for a directed verdict may not be sufficient; and we do not now so hold. This court and the Supreme Court have, in numerous cases, treated such motions, couched in general terms, as a sufficient predicate for an assignment of error that the trial court erred in declining to sustain a motion for peremptory instructions.

''However, if the motion purports to specify the particular ground on which it is rested, the moving party

will, on appeal, be confined to the grounds thus specified. It was, in effect, so held by the Supreme Court in the case of *City of Nashville* v. *Miss Clara Hull*, MSS., opinion by Mr. Chief Justice GREEN, at Nashville, December term, 1917. And the same ruling was made by the Court of Civil Appeals in the case of *Knoxville Railway & Light Co.* v. *Newton M. Henderson, Administrator*, at Knoxville, August 25, 1923—affirmed by the Supreme Court without opinion on October 10, 1923."

(3) It is the policy of this court to have controversies between litigants decided upon their merits rather than upon technicalities, or a failure, by some oversight, to introduce evidence pertaining to the merits.

For the reasons indicated herein, the judgment of the Court of Appeals will be reversed and the case remanded to the circuit court for a new trial.