ROBERT S. BALLOW, by Next Friend, Plaintiff in Error, v. POSTAL TELEGRAPH CABLE CO., Defendant in Error.

Middle Section. November 8, 1930.

W. B. Pendleton and W. H. Washington, of Nashville, for plaintiff in error, Ballow.

Bass, Berry & Sims, of Nashville, for defendant in error, Telegraph Co.

CROWNOVER, J. This was an action by Robert S. Ballow, a minor past fourteen years of age, who sued by his next friend to recover damages from his employer, the defendant Postal Telegraph Cable Co., for personal injuries sustained in a collision of his bicycle with the shafts of a wagon left unattended in Wall Street, in the City of Nashville, while in the course of his employment as a messenger boy, in violation of the Child Labor Statute (Shannon's Code, sec. 4433a87) which prohibited the employment of boys under sixteen years of age to work for telegraph companies and certain other companies more than eight hours in any one day. The defendant pleaded not guilty.

The action was tried by the judge and a jury. At the conclusion of all the evidence the court sustained the motion for peremptory instructions and directed a verdict for the defendant. The plaintiff excepted, appealed in error to this court, and has assigned twelve errors.

The facts necessary to be stated are, that the plaintiff, a minor almost fifteen years of age, was employed by the defendant Postal Telegraph Cable Co. as messenger boy and was directed to work from 7 A. M. to 5 P. M. each day. He had been thus employed for more than two months and had worked from 7 A. M. to 5 P. M. each day. It appears that he was not employed for any definite length of time, but presumably at the will of his employer. On the day of the accident he had worked from 7 A. M. to between 1 and 2 P. M. when the accident occurred. He was returning from making a delivery of a telegram, in the course of his employment, and was riding a bicycle along Wall Street in the City of Nashville, when he saw about one hundred yards away a one-horse wagon parked in the street across the place where the sidewalk should have been, with its shafts extending out into the street, but according to his own admission he did not see the shafts until he was within two feet of them, and he drove his bicycle into them before he could stop, and was thrown violently on his back, as a result of which he sustained serious injuries.

The assignments of error go to the propositions that there was evidence to sustain a verdict for plaintiff; that the court erred in excluding certain evidence and in directing a verdict for the defendant; but we need consider only the second, third and fourth assignments, which go to the propositions that the court erred in directing a verdict for the defendant: (1) because the parties had not violated the child labor statute on the day that the accident occurred, in that the plaintiff had not worked more than eight hours on that day, and (2) because the court held that the plaintiff was guilty of contributory negligence as a matter of law in driving into the wagon shafts that should have been seen by an ordinarily prudent person.

We are of the opinion that the trial court erred in directing a verdict on the ground that the plaintiff had not worked eight hours on the day when the accident occurred, because the very employment to work from 7 A. M. to 5 P. M. was a violation of the statute, and every injury that resulted therefrom was actionable.

"The very employment is a violation of the statute, and every injury that results therefrom is actionable. In the case presented by the plaintiff below, as well as in that adduced by the defendant company, the connection between the employment and the injury, is that of cause and effect, and brings the complainant within the operation of the statute." Iron & Wire Co. v. Green, 108 Tenn , 161, 65 S. W., 399; Maryland Casualty Co. v. California Industrial Acc. Com., 179 Cal., 716, 178 Pac., 858; Acklin Stamping Co. v. Kutz, 98 Ohio St., 61, 14 A. L. R., 812; 39 C. J., 300-301.

The employment of an infant in violation of the statute forbidding employment and declaring it a misdemeanor, constitutes negligence per se and makes the employer liable for all injuries sustained by the infant in the course of his employment. Queen v. Dayton Coal & Iron Co., 95 Tenn., 458, 32 S. W., 460; Coal & Lumber Co. v. Cravens, 8 Tenn. App., 419; Western Union Telegraph Co. v. Ausbrooks, 148 Tenn., 615, 257 S. W., 848.

We have found one case which holds that as long as the illegal period has not been entered upon, the employment of a minor is not unlawful because it includes hours forbidden by statute. Williams v. Southern Pacific Co., 173 Cal, 525, 160 Pac., 660. But we do not think that this case is in line with the Tennessee cases above cited, and we think that our cases have the better reasoning. Had the boy refused to work more than eight hours per, day as required by the company, doubtless he would not have been employed. He was within the keeping of the company and had to do what' the company required or lose his employment, and we think this statute was passed for the purpose of protecting minors thus employed. As stated in one of the cases above cited, the very employment was a violation, of the statute, and every injury' that resulted therefrom is actionable; hence we are of the opinion that the court erred in directing a verdict on this ground, and the assignment of error must be sustained.

But we are of the opinion that the trial court did not err in directing a verdict on the ground that the plaintiff was guilty of contributory negligence in driving into the shafts of the wagon, as they could have been seen by a person using ordinary. care.

Questions of negligence and contributory negligence are ordinarily for the jury, though the facts are undisputed, if intelligent minds may draw different conclusions as to whether, under the circumstances conceded, plaintiff's conduct has been that of an ordinarily prudent person.

"The question of contributory negligence, as well as the question of negligence, is ordinarily for the jury. Even though the facts be undisputed, if intelligent minds might draw different conclusions as to whether, under circumstances conceded, the conduct of a plaintiff was that of an ordinarily prudent man, the matter should be left to the jury. The court should draw no inference when in doubt, but only in those cases where the evidence is without material conflict, and such that all reasonable men must reach the same conclusion therefrom. It is only in cases where the evidence is susceptible of no other fair inference that the court is justified in instructing the jury, as a matter of law, that the plaintiff has been guilty of contributory negligence which would bar his recovery." . Roofing

& Mfg. Co. v. Black, 129 Tenn., 37, 164 S. ,W., 1183, 51 L. R. A. (N. S.), 340.

Children between the ages of seven and fourteen years may or may not be guilty of contributory negligence, depending upon their mental development, experience and other circumstances; the presumption being that incapacity continues during this period; but the presumption is that a person over fourteen 'years of age may take care of himself the same as if he were a grown person, and his contributory negligence may bar a recovery. See Queen v. Dayton Coal & Iron Co., supra; Manning v. American Clothing Co., 147 Tenn., 281-2, 247 S. W., 103.

Several cases have been cited by plaintiff in error where one was permitted to recover for injuries caused by defects in streets and sidewalks. But we are of the opinion that in those cases one has a right to presume that the street was in proper state of repair for travel, and even though the injured person had previously known of the defect but had temporarily forgotten it. He was allowed to recover on the principle that he had a right to presume that the street is in a proper state of repair. for travel. See Knoxville v. Cox, 103 Tenn., 368, 53 S. W., 734.

It has been held that whenever a motor vehicle comes in contact with a lamp post or telegraph or telephone pole, or hydrant, or any other structure of a permanent character, in or along the side of the roadway or on the sidewalk, the inference is that the driver was negligent, but the presumption, however, is not always conclusive. See Babbitt on Motor Vehicles (3 Ed.), sec. 2207.

Ordinarily one is guilty of contributory negligence in colliding with a parked car or buggy. See Higgins v. Forkner, 221 Ky., 588, 277 S. W., 983; 42 C. J., 1017.

Contributory negligence in driving into an obstruction that might have been easily seen, will bar a recovery. 5 Thompson on Negligence, secs. 6241, 6244; 2 Shearman & Redfield on Negligence (6 Ed.), sec. 375 note; 20 R. C. L., 115, sec. 99.

We reviewed the authorities on the question of contributory negligence of infants in the case of J. J. Taylor et al. v. L. C. Robertson, Admr., Dickson County Law, filed in this court on July 26, 1930, 12 Tenn. App. 320, but as this boy was over fourteen years of age he is held to account for his contributory negligence the same as if he were a grown person.

In the case at bar the plaintiff in error had experience in riding a bicycle about and over the city in delivering messages. Messenger boys who ride bicycles in and about the streets of a city in congested traffic should have as much experience as any grown person, and know that they should keep their bicycles under control in order to avoid obstructions. He admits that there was nothing un-

usual in that street that day to attract his attention. He says he supposes he was looking at the road but he did not see the shafts of the wagon until he was within two feet of them. Anyone who has ever seen a wagon should anticipate that the wagon had shafts or a tongue. He admits that he saw the wagon a hundred yards away, and could of course see the way it was placed in the street, and he should have anticipated that it had shafts. And the fact that he did not see the shafts until he was within two feet of them shows that he was not exercising the care that an ordinarily prudent person would have exercised under like circumstances. The facts are not disputed, and are such that all reasonable men must reach the same conclusion therefrom. Hence we hold that the court was not in error in directing a verdict and this assignment of error must be overruled.

It is insisted by the plaintiff in error, in his reply brief, that the court did not direct a verdict on the ground of his contributory negligence. His third assignment of error specifically states: "The court erred in holding that the plaintiff was guilty of contributory negligence, as a matter of law, at the time of the accident, which deprived him of the right to have his case passed upon by the jury, whereas this was a matter for the determination of the jury under a proper charge." It is evident that the court said something about contributory negligence or the plaintiff in error would not have assigned this as error. But the defendant made a general motion for peremptory instructions without setting out any grounds. This was sufficient, and the court had a right to direct a verdict on any ground that was valid. The rule is that a motion for peremptory instructions in general terms is sufficient to allow the court to direct a verdict on any ground that is valid, but if the motion purports to specify the particular grounds on which it is rested the moving parties will, on appeal, be confined to the grounds thus specified. See Lawson v. Producers & Refiners Corp., 157 Tenn., 459, 9 S. W. (2d), 1026; Tenn. Cent. Ry. Co. v. Zearing, 2 Tenn. App., 454. Hence there is nothing in this contention.

The other assignments of errors, being immaterial, are overruled.

It results that the judgment of the lower court must be affirmed. The cost of the cause including the cost of the appeal is adjudged against plaintiff in error, for which execution may issue.

DeWitt, J., and Higgins, S. J., concur.