## MOTOR SUPPLY CO. v. GENERAL OUT-DOOR ADVERTISING CO.

### No. 4109.

Court of Civil Appeals of Texas. Texarkana.
Oct. 29, 1931.

Marvin H. Brown & Son, of Fort Worth, for appellant.

Johnson & White, E. S. Allen, and C. W. Goerte, all of Fort Worth, for appellee.

LEVY, J. (after stating the case as above).

The appellant presents for determination the points in view that (1) the evidence fails to show performance by appellee of the contract as agreed upon, and recovery as upon quantum meruit was not sought in the petition; and (2) the appellee sued as a foreign corporation on a contract to be performed in Texas and with alleged performance of its terms in Texas, without alleging that it had a permit to do business in Texas. It is believed in the circumstances the first point should be sustained. By its terms the contract was to continue for "Four (4)" months, being the months specified of "January, February, March and April," and was "non-cancellable." The cause and ground of the cancellation of the contract after the January service and before the four months was run out is not shown. There is no pretense in the evidence that appellant agreed to the cancellation. The mere default of the January installment of pay would not warrant the cancellation and failure to perform the contract as agreed upon. 13 C. J. § 787, p. 693. Its terms provide otherwise.

According to affirmative allegations of the petition, appellee was a Delaware corporation that had entered into a contract of outdoor advertising of products for four months to be performed in the city of Fort Worth, and which was performed in the city of Fort Worth by posting at the places named "the products of said defendant for a period of one month commencing on or about January 25, 1930." There was no allegation that the appellee had a permit to do business in Texas. A general demurrer would therefore lie unless the transaction constituted interstate business. A foreign corporation making posters for outdoor ad-

vertising out of the state, and sending them within such other state and pasting them upon billboards by labor within such other state, would have to obtain a permit to do business in such other state before it could maintain a suit therein. The pasting of the paper signs on billboards by labor within the state involved no question of the delivery of the paper signs, but concerned merely the doing of a local act separate from the interstate shipment and after it had terminated. In principle, Smythe Co. v. Glass & Sand Co., 105 Tex. 8, 142 S. W. 1157; North American Service Co. v. Vick Co. (Tex. Civ. App.) 243 S. W. 549.

The judgment is reversed, and the cause is remanded.