## ALEXANDER FILM CO. v. BOXWELL et al.
### No. 3945.

Court of Civil Appeals of Texas. Amarillo.

Jan. 11, 1933.

Slough, Gibson & Slough, of Amarillo, for appellant.

Dorenfield, Foster & Fullingim, of Amarillo, for appellee.

MARTIN, J.

Appellant is a Delaware corporation without a permit to transact business in Texas as required by article 1529, R. S. Suit was brought for a balance alleged to be due under the contract mentioned below. Its right to maintain this suit by virtue of the terms of article 1536, R. S., was properly raised by plea in abatement. The plea was sustained upon a hearing by the trial court and the suit dismissed. Appellant claims here that the transaction forming the basis of this suit was "interstate," which required no such permit. The question is purely one of fact.

The evidence introduced was sufficient to support a finding by the trial court that appellant maintained an office in Dallas, Tex., in charge of its agent through whom there was negotiated and concluded a contract with appellees by the terms of which certain advertising was to be "displayed" and "screened" at the Dent theaters in Amarillo, Tex., for appellees. This was manufactured and shipped from Colorado Springs, Colo. The performance of this contract impliedly, if not expressly, required all local work and expenses to be done and borne by appellant. As we view the facts, the performance of certain stipulations of this contract was necessarily required to be done in Texas, and this fact, coupled with the maintenance of an office in Dallas through which the contract in question was handled, precluded a finding that the transaction was "interstate" and justified the action of the trial court. Buhler v. E. T. Burrowes Co. (Tex. Civ. App.) 171 S. W. 791; Browning v. Waycross, 233 U. S. 16, 34 S. Ct.

578, 58 L. Ed. 828; Elliott Electric Co. v. Clevenger (Tex. Civ. App.) 300 S. W. 91; Motor Supply Co. v. General Outdoor Advertising Co. (Tex. Civ. App.) 44 S.W.(2d) 507.

The importance of the question does not seem to justify any extended discussion.

The judgment is affirmed.