MAYSAY v. HICKMAN et al.—97 S. W. (2d), 662.

Eastern Section. August 1, 1936.

Petition for Certiorari denied by Supreme Court, October 17, 1936.

Cyril J. Smith, of Rockwood, for plaintiff in error.

Cassell & Ladd, of Harriman, and Lindsay, Young & Atkins, of Knoxville, for defendants in error.

PORTRUM, J. The plaintiff below, Maysay, recovered a judgment against the defendant Hickman, but upon the motion for a new trial the judge sustained the motion and directed a verdict in favor of the defendant, dismissing the plaintiff's suit, the jury having found in favor of the defendant Harry Summers. This action of the trial judge is assigned as error for the reason that it is insisted a presumption arose from the proven facts in favor of

the plaintiff and the jury was justified in returning a verdict upon this presumption.

This suit is predicated upon an automobile accident, when the defendant's truck and the plaintiff's intestate's automobile collided, fatally injuring plaintiff's intestate. There is some proof in the record that the truck was owned by the defendant Hickman, and from this proof the plaintiff in error seeks to raise a presumption that at the time of the collision the driver of the truck was the servant of the defendant Hickman and engaged in his business, and, since the defendants testimony is discredited, it was the right of the jury to give force to this presumption, disregard the discredited testimony of the defendant, and return a verdict in favor of the plaintiff.

The defendant Hickman and one A. B. Long were partners in the construction of concrete bridges and had completed a bridge at White Pine, Tenn. The defendant Harry Summers was an employee and bookkeeper and he lived with his mother and another in a furnished house at White Pine, Tenn., during the construction of this bridge and while serving his employer. When this bridge was completed the partnership moved their equipment from White Pine into Knox county at a site where they anticipated constructing another bridge. The defendant Summers asked the defendant Hickman for the use of a truck to remove Summers' furniture out of his house to his home in Wartburg, Tenn. Hickman promised Summers his truck, and another employee of the partnership, one Anthol Moore, agreed to drive the truck, since he had been rooming with Summers and felt under obligation to him. But the truck was not taken on the day anticipated, and at a later date Hickman and Moore loaded the furniture into a truck, registered in the name of A. B. Long, the partner, and which the defendant's proof showed belonged to Long. While driving this truck loaded with furniture in Anderson county between Clinton and Oliver Springs, the collision occurred.

Upon these facts no common-law presumption arose that the driver was the servant of the owner, Hickman, and that he at the time was engaged in the business of his master, which presumption, if existing, would have justified a verdict. There is some proof here that the truck belonged to Hickman, and there is proof that Moore was his employee, but the proof shows that, at the time of the accident, the driver was not engaged in duties which were apparently within the scope of his employment. The common-law rule of a presumption is stated in the case of Frank v. Wright, 140 Tenn., 535, 539, 205 S. W., 434, 435, as follows:

"'A servant may be presumed prima facie to have been acting in the course of his employment, wherever it appears, not only that his master was owner of the given instrumentality, but also that,

at the time when the alleged tort was committed, it was being used under conditions resembling those which normally attended its use in connection with its use in the master's business.'

"In our opinion the last phrase in the above quotation is a just qualification. No presumption of a servant's acting in the line of duty should be drawn unless time, place, and the other circumstances in shedding light upon the transaction, indicate that it was one within the scope of the driver's duty. For example, take an automobile truck customarily used in a city for freight traffic. Though it be shown to belong to a defendant, and to be in charge of one regularly employed as his driver, there ought not to be raised such a presumption or inference, where at the time of the tortious act it was being driven to haul persons into the country."

The given illustration is apropos of the facts of this case; the defendants were engaged in the construction of concrete bridges in Hamblen and Knox counties, and the truck at the time of the accident was miles away in Anderson county loaded with furniture, and this circumstance does not indicate that the driver was acting within the scope of his employment, or that the truck was being used for the purpose of the defendant's business. As stated, the court finds no common-law presumption.

But it is insisted that the statute of 1921, Pub. Acts 1921, c. 162, as amended by Pub. Acts, 1923, c. 59, which acts are codified in the Code at sections 2701 and 2702, raises a statutory presumption, upon proof of ownership, that the driver was the servant of the owner and operating the truck for the owner's use and benefit and within the scope of his employment. We will quote first the first section of the acts of 1921 as found in the Code at section 2701:

"In all actions for injury to persons and/or property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of such vehicle, shall be prima facie evidence that said vehicle at the time of the cause of action sued on was being operated and used with the authority, consent and knowledge of the owner in the very transaction out of which said injury or cause of action arose."

The second section of the acts of 1921 provides that proof of registration shall be prima facie evidence that the car was being operated and used with the authority, consent, and knowledge of the owner in the very transaction out of which the injury or cause of action arose. The second section of this act was amended by the acts of 1923, supra, so as to provide that proof of registration "shall likewise be prima facie evidence" that the car was being operated by the owner's servant for the owner's use and within the course and scope of his employment. This section is carried forward in the Code at section 1702 and reads:

"Proof of the registration of said motor propelled vehicle in the name of any person, shall be prima facie evidence of ownership of said motor propelled vehicle by the person, in whose name said vehicle is registered; and such proof of registration shall likewise be prima facie evidence that said vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of his employment."

It is insisted that proof of the ownership of the truck under the section first quoted raised a presumption that the car was being operated by the servant of the owner in the owner's business and in the scope of the employment. The case of Emert v. Wilkerson, 7 Tenn. App., 269, 271, is cited in support of this contention. In that case Judge Senter, after quoting section 1, chapter 162, of the Public Acts of 1921, above set out, states:

"While this act does not specifically provide that the driver of the automobile will be presumed to be the agent of the owner in operating the automobile, we think it is the clear legislative intent by said act to make such driver, prima facie, the agent of the owner so as to put the burden of proof upon the owner to show that such driver was not in fact the agent of the owner and about his business in driving the automobile. But aside from this, there was evidence offered by plaintiff showing that the driver of this automobile, Walter Brown, was an employee of the defendant, and that the defendant was accustomed to send laborers on his farm in his automobile and that this driver, Walter Brown, frequently drove the car on such missions."

It is seen that the court found that there was evidence proving that the driver was in fact the servant of the owner and engaged upon his business, and this proof makes the construction of the statute unnecessary. We have quoted the full discussion which was the basis of the construction of the statute, and the reason a fuller discussion was not made was because it was not necessary since there was proof which made the application of the statute inapplicable.

This statute has been again construed in the case of Woodfin v. Insel, 13 Tenn. App., 493, at page 496, when Judge De Witt in construing the statute said:

"In the absence of evidence that the automobile was registered in the name of Mrs. Woodfin, the presumption created by chapter 59 of the Acts of 1923, that it was being operated by the owner's servant for the owner's use and benefit and within the course and scope of his employment, does not arise; for it arises only upon proof of registration. The statute, being in derogation of the common law, must be strictly construed. It is limited in its application to cases wherein is proof of registration and no proof of agency. Hodges v. West, 8 Tenn. App., 307."

■■ The Emert v. Wilkerson Case is distinguishable from the instant case for these reasons; first, it is alleged in the declaration and proven that the truck was registered in the name of A. B. Long, and not in the name of the defendant Hickman, so the statute relied upon by express terms raises a presumption that Long was the owner and his servant was operating the truck in his business and within his authority at the time of the accident. The fact that the proof shows that the truck belonged to Hickman would not make the statute operate to raise another presumption against Hickman. The statute does not raise a presumption against two different parties, and, since there is evidence that the car was registered in the name of Long, then the function of the statute is to raise a presumption against Long and not against another. In the case of Emert v. Wilkerson there was no proof of the registration, and there was no proof of the registration in the Woodin Case, but there was proof of the ownership of the car in that case. In regard to proof of ownership the court said: "It is limited in its application to cases wherein is proof of registration and no proof of agency." The court cannot consistenly hold that the facts in the case raise a presumption under the statute aforesaid.

The trial court committed no error in directing a verdict in favor of the defendant Hickman.

■■ The jury found in favor of the defendant Summers, and the court is asked, in the event it affirms the judgment as to Hickman, then to reverse the judgment as to Summers, because upon the finding of the jury there must be liability against either Hickman or Summers. The jury found that Hickman owned the truck and it was being operated by his servant in his business and gave a verdict against him, and that Summers was being accommodated by Hickman and had no control over the operation of the truck. As a matter of law the jury could only come to this conclusion upon the theory that there was a presumption in favor of the plaintiff against Hickman; we have confined our discussion to the question of the presumption for the reason that the motion for a directed verdict was special in form and raised the one issue; i. e., the proof of agency and the agent's operation within the scope of his employment. The motion being special, the review is confined to the ground specified, and if the trial judge erred the parties are entitled to a new trial, notwithstanding there may not have been facts justifying the general verdict against the defendant. Lawson v. Producers' & Refiners' Corporation, 157 Tenn., 455, 459, 9 S. W. (2d), 1026; Ballow v. Postal Telegraph Cable Company, 12 Tenn. App., 348, 353. But this rule does not restrict the court in the review of the case made against Summers, wherein the jury found in favor of the defendant Summers. The assign-

ment is that there is no evidence to support this verdict, and the review of the evidence upon this assignment is general.

The plaintiffs introduced no eyewitness to this accident, but was content to prove by circumstances that his intestate was upon the right side of the road at the time of the accident. This was proved by the tracks of the intestate's car. The defendant proved by a 17 year old girl who was an occupant of intestate's car that there were three sitting upon the seat, the intestate driving the car, a companion, and herself, and that the three were drinking; that the intestate was running recklessly from one side to the other of the road; and that she repeatedly warned him against his reckless driving and requested that he desist. It was in the nighttime, the car came over the brow of the hill on a curve at a rapid rate, from side to side, and, meeting the truck, the rear left wheel of the intestate's car struck the rear left wheel of the truck, causing the intestate to lose control of the car, if he had the car then under control, and he ran down the road into a ditch, upsetting his car. The intestate's companion was available but was not introduced as a witness. The circumstantial evidence, i. e., the tracks in the road, is not inconsistent with the testimony of this girl and the other eyewitnesses who testified for the defendant, for in this wobbling across the road the intestate could have run to the right, making the tracks on the right side, and then back to the left, hitting the rear left wheel of the truck with his rear left wheel, and for this reason the circumstantial evidence is consistent with the evidence given by the defendant, and it is not permissible for the jury to disregard the positive testimony of the eyewitnesses and hold to the contrary upon the face of circumstantial evidence when this evidence is not inconsistent with the spoken evidence.

The trial judge's adjudication, while apparently inconsistent, was in fact consistent, and there is no reversible error apparent. The judgment is affirmed, with costs.

Ailor and McAmis, JJ., concur.