# FRIEDMAN v. GEORGIA SHOWCASE CO. No. 2.—183 S. W: (2d) 9.

Eastern Section. April 15, 1944.

Petition for Certiorari denied by Supreme Court, October 14, 1944.

Thomason & Trythall, of Knoxville, for plaintiff in error.

W. L. Ambrose, Jr., of Knoxville, for defendant in error.

McAMIS, J. This case involves the right of the Georgia Showcase Company to recover possession of store fixtures conditionally sold to the defendant Max Friedman and its liability to Friedman for damages alleged (by cross-action) to have resulted from delay in shipping and installing the fixtures and defective workmanship in construction and installation.

The Showcase Company sought also to recover a judgment upon the conditional sales contract and notes but this relief was held inconsistent with the suit to recover possession of the fixtures and the Showcase Company now makes no complaint of this holding. The trial court directed the jury to return a verdict in favor of the Showcase Company for possession of the fixtures to permit it to carry out the sale required by the conditional sales statute and also directed a verdict in favor of the Showcase Company upon Friedman's cross-action. From the judgment based upon these adverse rulings Friedman appeals and has assigned numerous errors.

Apparently as the principal ground for reversal, it is insisted that the court erred in not dismissing plaintiff's suit for possession of the fixtures upon the ground that it was engaged in intrastate business in Tennessee without having domesticated in Tennessee.

Plaintiff's principal place of business is located at Montgomery, Alabama, where it engages in the business of manufacturing and selling showcases to mercantile establishments. The fixtures are of two kinds. One is of a character and type requiring no supervision in connection with shipment and delivery to customers. The other type is manufactured and sold upon special design for a given store location and for use in a particular mercantile business. The fixtures here involved were of the latter type and were designed and constructed for use in connection

with a jewelry business about to be opened by defendant at 304 S. Gay Street, Knoxville, Tennessee.

The proof shows that to obtain the best results it is considered necessary to send factory trained workmen to install fixtures of this character and type. The Showcase Company agreed, by separate contract, and for an additional consideration, to install the fixtures in defendant's store. This was in accord with its general practice in such cases and, though it maintained no office in Tennessee, it is shown that in this and other instances it employed several workmen living in Tennessee to make such installations as occasion arose in the course of its business. The sale was made in Atlanta, Georgia, and the installation was made in the usual manner by skilled workmen living in Tennessee. Plaintiff, it appears, is incorporated under the laws of Georgia.

We think the trial judge correctly held, under the facts outlined, that plaintiff was not engaged in intrastate business.

The sale of the fixtures, to be manufactured in Alabama and shipped into Tennessee clearly constituted an interstate transaction and the installation of the fixtures constituted merely an incident of the sale. Where this is so the transaction is legitimate and the seller will not be repelled because of failure to domesticate. Milan Milling, etc., Co. v. Gorten, 93 Tenn. 590, 27 S. W. 971, 26 L. R. A. 135; McCaskey Registering Co. v. Johnson, 8 Tenn. Civ. App. 311 and see Browning v. City of Waycross, 233 U. S. 16, 34 S. Ct. 578, 58 L. Ed. 828, and for text treatment of the subject see 11 Am. Jur. 48.

■■ It is insisted that, even if correct in holding plaintiff's action not barred for failure to domesticate in Tennessee, the court erred in directing the jury to return a verdict in plaintiff's favor for possession of the

fixtures. It is insisted that this was error because plaintiff's motion for peremptory instructions was for judgment upon the notes rather than for possession of the fixtures. The trial judge correctly held that plaintiff could not have judgment both upon the notes and for possession of the fixtures. Having adopted that view, did the trial judge improperly direct a verdict upon a ground not assigned in the motion? We think not.

In this State, at least, the trial judge may upon his own motion and without any application by either party if the record justifies such action peremptorily instruct the jury as to its verdict. King v. Cox, 126 Tenn. 553, 564, 151 S. W. 58. While the case cited does not go so far, we think the trial judge also has power to direct a verdict different from the one for which application is made and may direct a verdict upon a different ground from that signed.

In the present case, plaintiff's action being based upon an interstate transaction, there remained no question as to its right to regain possession of the fixtures and we think there was no error in the action of the court in so directing the jury.

It is next insisted that the court erroneously instructed the jury at the close of all the evidence to return a verdict in favor of the Showcase Company upon the cross-action for damages claimed by Friedman for delay in installation and defective workmanship.

Cross-defendant's motion for peremptory instructions was made orally and we have had some difficulty, upon examining the bill of exceptions, in determining whether it was a motion based upon specific grounds or whether it was intended as a general motion. If the motion was general we may review the propriety of the action of the court in directing a verdict upon

grounds different from those assigned by the trial judge. In that case, it seems clear from our view of the record that the cross-action cannot be maintained under Section 49 of the Uniform Sales Act (Code, Section 7242) since Friedman admits that he gave no notice of his intention to claim a breach of the promise to deliver the fixtures on October 10, 1939 for at least two years after they were installed and the record shows that the claim was never brought forward until the pleadings were filed in this case. That this Section of the Act applies to actions for failure to deliver at a specified time was held in Wildman Mfg. Co. v. Davenport Hosiery Mills, 147 Tenn. 551, 552, 249 S. W. 984.

However, if the motion was special, that is, based upon specific grounds, we are limited upon appeal to the grounds assigned in the motion and such additional grounds as the court may have added upon his own motion. Lawson v. Producers & Refiners Corp., 157 Tenn. 455, 459, 9 S. W. (2d) 1026; Tennessee Central Ry. Co. v. Zearing, 2 Tenn. App. 451; Ballow v. Postal Telegraph & Cable Co., 12 Tenn. App. 348; Guardian Life Ins. Co. v. Richardson, 23 Tenn. App. 194, 206, 129 S. W. (2d) 1107.

In view of the existing doubt as to whether the motion was general or special, we shall confine our consideration to the specific grounds of the motion and the ground assigned by the trial judge in disposing of the motion. We consider first the question made by counsel that there is no evidence within the scope of the declaration to sustain a verdict upon the cross-action.

The cross-declaration avers that on August 10, 1939 cross-defendant agreed to manufacture and install the fixtures complete on or before October 10, 1939 but that they were not shipped until long after October 10, 1939

and, when received in Knoxville, could not be installed within a reasonable time as the result of deviations from the plans and specifications and that as a result: "The appearance of cross-plaintiff's place of business was greatly marred and, in addition thereto, plaintiff was delayed for a long time in opening his store and thereby he was deprived of much pre-holiday trade, all to his damage in the sum of $1,000.00, for which he sues . ."

 There was no proof as to how much "pre-holiday" trade was lost as the result of some eighteen days between October 10, 1939 and October 28, 1939 when the installation was completed. There was proof, however, that cross-plaintiff employed help to begin work on October 10, 1939 and that they remained idle until the store was opened. It was shown that cross-plaintiff paid rent on the building during this period. The cross-declaration so far as damages for the delay are sought is confined to the loss of pre-holiday business and make no mention of expenses incurred as the result of the alleged breach of the contract to deliver on October 10, 1939. We think the peremptory instructions might well have been based upon the ground assigned in the motion. No loss of business resulted from the appearance of the store being "marred" by reason of the alleged improper construction of the fixtures. The action, it appears, is not predicated upon a breach of warranty in the sense that cross-plaintiff was damaged as the result of the fixtures delivered being worth less than the fixtures covered by the contract. The trial judge, in the exercise of his discretion, declined to permit an amendment amplifying the cause of action. In view of the fact that cross-plaintiff was sued in another action and confessed judgment in favor of cross-defendant for an account growing out of the installation

of the fixtures without raising the question sought to be raised by the amendment, the long delay in bringing forward such claims and the general want of equity in the position of cross-plaintiff, we think there was no abuse of discretion in denying permission to amend.

The remarks of the trial judge in passing upon the motion for peremptory instructions indicate that it was his view there was no pleading to support an action for damages for defective manufacture and installation of the fixtures and that damages for the alleged delay could not be awarded because cross-plaintiff executed the notes and completed the transaction after the time for performance had passed without notifying cross-defendant that he would insist upon strict performance of the contract and that time was, under the circumstances, not of the essence.

We agree with the trial judge that Friedman is not in position to insist upon damages for delay. The proof shows that he employed T. H. Wills, an architect or store designer of Atlanta, Georgia, to draw up plans and specifications and that Mr. Wills became ill the latter part of September or the first part of October. Friedman and his general contractor, Mr. Simpson, went to Montgomery to correct some of the measurements. When they arrived in Montgomery it was found that the fixtures had not been manufactured at that time and instructions were given to make the desired corrections. The undisputed proof is that the fixtures could not have been completed between the date of their visit and the contract date of October 10, 1939 but Friedman, instead of rescinding the contract or putting the Showcase Company upon notice that he would insist upon strict performance within the time limit provided by the contract, gave instruc-

tions for altering the original plans as he had a right to do under the contract. When the fixtures arrived eight or ten days after the date fixed for delivery, they were accepted and notes executed for the deferred payments without any question being made of the delay and, as stated, none was made for two years or more after the fixtures were installed.

Friedman's course of conduct indicates that he did not construe the contract as making time of the essence and, we think, he waived the time provision by giving instructions for alterations too late for the fixtures to be completed by the time fixed by the original contract and by going forward with the contract after the time for performance had elapsed. Petway v. Loew's Nashville & Knoxville Corp., 22 Tenn. App. 59, 117 S. W. (2d) 975.

One other assignment remains to be considered. This assignment deals with the admission of the testimony of the witness, Mr. Land, touching correspondence between the Showcase Company and Mr. Wills, the architect. Mr. Land admits that he did not handle the correspondence and his testimony appears to be based upon information gleaned from the files of the Georgia Showcase Company. We think this evidence inadmissible since it was not based upon the personal knowledge of the witness. The purpose of this testimony was to show various changes made by Mr. Wills before work was done on the fixtures. As shown Friedman admits that he gave instructions as late as October 1, 1939 for alterations in the original plans and specifications. The exclusion of this testimony, therefore, does not affect the result but, for the purpose of the record, the assignment is sustained.

All other assignments are overruled and the judgment below affirmed, with costs.

On Petition to Rehear.

Defendant Max Friedman has petitioned the court for a rehearing insisting that the court erred in not reversing the judgment of the lower court after finding that the testimony of the witness Land was erroneously admitted and after sustaining defendant's assignment based upon the admission of this evidence.

 As we understand the petition to rehear the insistence is that, with this evidence out of the record, there is no evidence that Wills, the architect, accepted the job on behalf of Mr. Friedman and that until the acceptance of the work is shown the Georgia Showcase Company cannot prevail. We do not think this is a proper matter for consideration on the original action to regain possession of the property conditionally sold but that it would be material only upon consideration of the cross-action which we held, for reasons set forth in our original opinion, was properly withdrawn from the jury.

We thought the excluded testimony immaterial in view of our conclusion that the cross-action could not be maintained because Friedman gave instructions for altering the fixtures too late for their installation to be completed within the contract limit as to time, thus indicating that he did not intend to rely upon strict performance within the time limit or treat time as of the essence. As sustaining that view Petway v. Loew's Nashville & Knoxville Corp., 22 Tenn. App. 59, 117 S. W. (2d) 975, was cited. To the same effect see Hayes Mfg. Co. v. McCauley, 6 Cir., 140 F. (2d) 187.

Other questions made by the petition to rehear are covered by our original opinion and need not be further considered. We find the petition to rehear without merit and it is overruled.

Hale and Burnett, JJ., concur.